**George W. MOORE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 6, 1970.

Karl J. Parrish, Asst. Public Defender, Wilmington, for defendant below, appellant.

H. Newton White, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from a conviction of burglary in the fourth degree. The appel-

lant was found guilty of breaking and entering a package liquor store, with a co-defendant, with intent to commit larceny therein.

The basic question before us is whether the circumstantial evidence in this case is sufficient to support the jury's verdict and the conviction of guilt. We think it is.

■ Taken together, the circumstances proved by the State establish the following: The defendant owned a 1957 white Ford station wagon on the date of the burglary. The liquor store here involved was broken into between 11:00 p. m. and 2:00 a. m. by two white men using a 1957 white Ford station wagon as a battering ram against the store door and as the conveyance for the stolen goods, consisting of nine cases of half-pints of whiskey. On the same night, at about 3:00 a. m. and a short distance away from the liquor store, the defendant had in his possession in his 1957 white Ford station wagon nine cases of half-pints of whiskey.

These circumstances gave rise to but one reasonable hypothesis: that of guilt. We hold, therefore, that the evidence was sufficient to support the verdict and the conviction. Compare Smith v. State, Del. Supr., 229 A.2d 21 (1967).

■ One other matter requires notice: The appellant now complains for the first time that he was not afforded counsel of his choice at the trial. The undisputed facts of the matter are that the services of the Public Defender were offered to the appellant but he declined the representation thus tendered. He advised the Trial Court that he wished to defend himself at the trial. He did not object to joint trial with his co-defendant who was represented by the Public Defender. He did not request that another attorney be appointed for him or that opportunity be afforded to obtain other counsel.

We find no conflicting interest or possible divergence of interest, as between the appellant and his co-defendant, such as may have required appointment by the Trial Court, *sua sponte*, of separate and different counsel for the appellant. See Glavin v. United States (9 Cir., 1968) 396 F.2d 725; compare Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The Public Defender's Office has been created by the General Assembly to preserve to indigent defendants their constitutional rights to assistance of counsel in criminal cases. An indigent defendant may not decline the services of the Public Defender, and expect the appointment by the Court of other counsel, unless the Public Defender represents some other conflicting interest in the case. Such was not the situation here. The appellant chose to go to trial acting as his own attorney. Having lost his case, and having had the questionable privilege of choosing himself for attorney, he cannot change his mind now about the wisdom of the choice.

Affirmed.