PER CURIAM.
By an instrument entitled Petition for Review, appellant Jake Arline alleges that his appeal is frustrated because of lack of funds to have the record on appeal together with the transcript of testimony prepared. Attached to the foregoing petition is a copy of an affidavit filed by appellant in the Felony Court of Record of Volusia County, Florida, wherein he swears that he has no bank accounts; no money; no income; no property, real or personal with any financial worth, and cannot pay for the record on appeal. Attached as a part of the petition is a copy of an order entered by the trial judge dated April 5, 1973, wherein the court states, inter alia:
“ . . . the Court finds that said defendant has obtained the services of private counsel and cannot be considered as an insolvent person .... the defendant’s motion to proceed as an insolvent person on appeal at the cost of the State of Florida be, and the same is hereby, denied.”
The finding by the trial judge in denying the defendant to proceed as an insolvent person is, as a matter of law, insufficient. We know of no rule of law that precludes a person from being adjudicated and proceeding as an insolvent solely because he has the services of private counsel. Unless the record in the trial court or other facts are developed refuting the aforesaid affidavit of appellant that he is an insolvent person, the trial court is directed to enter an order adjudicating Jake Arline as an insolvent and affording him the benefits thereof including a transcript of testimony.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.