Kenneth and Timothy PENDRY, Defendants below, Appellants,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted Feb. 11, 1976.

Decided Sept. 13, 1976.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal requires a decision as to which public entity—the State or the County—is obliged to pay for the trial transcript in an appeal by the indigent defendants in this criminal case.

## I.

The defendants were convicted of murder in the first degree and sentenced to life imprisonment. They had been found indigent and were represented at the consolidated trial by the Public Defender.

Following trial, the defendants' parents retained private counsel to represent the defendant on their appeals to this Court. The Public Defender was permitted to withdraw. The defendants requested that, as indigents, they be furnished with a free copy of the transcript of the trial. The Superior Court denied the request, stating that, as indigents, the defendants were eligible for the services and benefits of the Public Defender, including a transcript of his selection; that, having waived such services and benefits, the defendants were not entitled to a transcript at public expense. Pursuant to Supreme Court Rule 10A(2),[1] a Justice of this Court reversed the Superior Court ruling and directed that a transcript be prepared, limited to "such parts of the proceedings [as] necessary for inclusion in the record." The Justice remanded the question of payment for the transcript to the Superior Court for proceedings in accordance with the Rule.

John B. Kennedy, Wilmington, for defendants below, appellants.

N. Maxson Terry, Jr., of Terry, Terry & Jackson, Dover, for Kent County Levy Court.

Richard S. Gebelein, Chief Asst. Public Defender, Wilmington, for Public Defender.

Harrison F. Turner, Deputy Atty. Gen., Dover, for State of Delaware.

A transcript of the entire trial was ordered by the defendants' attorney at a cost

1. Del.Supr. Rule 10A(2) provides:
"(2) Furnishing of a Transcript of the Testimony. In any such case [appeal from a conviction of crime by an indigent defendant] the appellant, if he requests it, shall be furnished without charge with a copy of the transcript of the testimony, if it appears that the ground of his appeal requires a review of the evidence. Such request shall be made initially to the trial judge, whose denial of the request shall be reviewable by any Justice of this Court. The cost of such transcript shall be certified by the President Judge of Superior Court for payment."

of $1,126.00. The Superior Court certified the Reporter's bill to the Levy Court of Kent County in that amount along with the following statement: "The cost of the trial transcript is regarded as an adjunct of counsel fees under the provisions of Title 29, Section 4604 [sic 4605] [2] of the Delaware Code." The certification was considered an Order of the Superior Court; the Kent County Levy Court appeals therefrom.

## II.

As indigents, the defendants are entitled, at public expense, to all or such portions of the transcript of their trial as may be necessary to their appeals. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ;[3] *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). That right is not lost by an indigent defendant who has parents financially able to pay the expenses of appeal, *State v. Allen Circuit Court,* 241 Ind. 627, 174 N. E.2d 411 (1961), or the fees of privately-retained counsel, *Arline v. State,* Fla.App., 277 So.2d 791 (1973).

There seems to be no issue as to the necessity for the entire trial transcript in this very serious criminal case. Accordingly, the question is reduced to this: shall the public funds for this transcript come out of State or County coffers? The Superior Court saw it as a County expense under § 4605. We must disagree.

The reliance by the Superior Court upon § 4605 was misplaced; § 4605 is inapplicable to privately-retained counsel; it applies to court-appointed counsel

only. In *Lindh v. O'Hara,* Del.Supr., 325 A.2d 84, 89 (1974), this Court referred to § 4605 as follows:

"This provision for the appointment and compensation of 'additional counsel', at County expense, was obviously included in the Public Defender Act to cover multiple-defendant cases and other situations in which conflict of interest considerations might require separate counsel to be brought into the case to supplement the services of the Public Defender."

The defendants' present counsel has not been court-appointed, either expressly or implicitly. Indeed, in the absence of a showing of conflict of interest on the part of the Public Defender or other "cause," no such appointment would be appropriate. As this Court stated in *Moore v. State,* Del.Supr., 268 A.2d 875, 876 (1970):

"The Public Defender's Office has been created by the General Assembly to preserve to indigent defendants their constitutional rights to assistance of counsel in criminal cases. An indigent defendant may not decline the services of the Public Defender, and expect the appointment by the Court of other counsel, unless the Public Defender represents some other conflicting interest in the case."

Since § 4605 is inapplicable, there is no statutory or other basis for charging the County with the financial obligation for this transcript. The obligation is placed upon the people of the State by the Federal Constitution. The State has not delegated that obligation to the Counties as it has delegated to the Counties, by § 4605, the obligation for fees of "additional coun-

---

2. 29 Del.C. § 4605 provides:

"§ 4605. Appointment of additional counsel. "For cause, the court may, on its own motion or upon the application of the Public Defender or the indigent person, appoint an attorney other than the Public Defender to represent him at any stage of the proceedings or on appeal. The attorney shall be awarded reasonable compensation and reimburse-

ment for expenses necessarily incurred to be fixed by the court and paid by the county."

3. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." 351 U.S. at 19, 76 S.Ct. at 591.

sel." See *Lindh v. O'Hara, supra,* at 91 (1974). It follows that State funds must be made available to meet this constitutional obligation of the people of the State.

Accordingly, the Order of the Superior Court is reversed and the case remanded to the Superior Court with instructions to enter an Order directing the State to pay to the Court Reporter, through the Public Defender's budget appropriation or otherwise, the sum of $1,126.00, such Order to have the force and effect of a judgment against the State.

\* \* \*

As has been noted, all agree that the entire trial transcript was necessary for the appeals in this first degree murder case. Such agreement, however, will not always be the case.

For the better protection of public funds when privately-retained counsel appear in a criminal case for an indigent defendant, the following guidelines and procedures are prescribed:

█ (1) If, at trial, the indigent was represented by privately-retained counsel, those portions of the trial transcript ordered by him for appeal purposes at public expense shall be subject to approval by the Trial Judge. The Court Reporter is obliged to honor, at public expense, an Order for transcript approved by the Trial Court, but not otherwise.

█ (2) If, at trial, the indigent was represented by the Public Defender, and privately retained counsel takes over the appeal, the Public Defender is responsible for designating the portions of the transcript he deems necessary for the appeal; unless the Trial Court orders otherwise, the State will be obliged to pay therefor via the Public Defender's budget appropriation or other appropriate route. Any additional designation must have the approval of the Trial Court before being prepared at public expense.

█ (3) Any Order of the Trial Court entered pursuant to these guidelines shall have the force and effect of a judgment against the State.

The Superior Court and the Family Court shall promulgate such Rules as may be necessary to implement the foregoing guidelines.