Ernest V. WATERS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted April 21, 1981.

Decided Aug. 18, 1981.

Victor F. Battaglia (argued), of Biggs & Battaglia, Wilmington, for Public Defender.

Myron T. Steele (argued), of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for Asst. Public Defender.

Dana C. Reed, Deputy Atty. Gen., (argued), Dover, for Atty. Gen.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

A Rule to Show Cause why sanctions should not be imposed was issued upon an Assistant Public Defender and the Public Defender. The Rule recited that, according to the documents attached thereto, it appeared (1) that the defendant in this murder case had made "repeated unsuccessful

requests" that the Assistant Public Defender representing him "(a) present grounds of appeal in addition to the single double jeopardy raised on behalf of the defendant in this appeal[1]"; and (b) communicate with him regarding this appeal; and (2) that the Public Defender had failed to fulfill his responsibility under 29 *Del.C.* § 4604[2] to assure that the defendant's appeal be prosecuted fully in accordance with law and the Rules of this Court.

## I.

The response of the Assistant Public Defender entered a general denial to the recitations of the Rule and its attachments, asserting generally that he accorded the defendant's appeal as much time and attention as his heavy case-load reasonably permitted; that the grounds of appeal which the defendant wished to have presented will be more properly raised in an application for post-conviction relief in the Trial Court

1. This appeal was taken from the sentence only.

2. 29 *Del.C.* § 4604 provides:
"§ 4604. Representation of indigent persons.
"When representing an indigent person, the Public Defender shall:
"(1) Counsel and defend him, whether he is held in custody without commitment or charged with a criminal offense, at every stage of the proceedings following arrest; and
"(2) Prosecute any appeals or other remedies before or after conviction that he considers to be in the interest of justice."

3. Rule 26(c) provides:
"(c) Appeals Without Merit. If the trial attorney, after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit, he may file a motion to withdraw. Such motion shall be accompanied by the following:
"(i) A brief referring to anything in the record which may arguably support the appeal. The brief shall include a statement of the charges, the nature of the defense made at trial, a summary of the evidence, the significant pretrial and trial applications and rulings and the sentence. Appropriate pages from the record, including the transcript, shall be attached to the brief. A statement by counsel that there were no errors of law below or that the appeal is without merit does not meet this requirement.
"(ii) A statement by the attorney that he:

after the disposition of this appeal; and that Rule 26(c) of this Court,[3] referred to in the Rule to Show Cause, has no application to the situation.

The response of the Public Defender supports the assertions contained in the response of the Assistant Public Defender. In addition, he asserts the following: that the Public Defender is the chief administrative officer of the Office of the Public Defender; that he "sets the policy and directs the administration and operation of the office"; that the Chief Deputy Public Defender "implements the policy and supervises the administration of the office"; that the instant case was assigned to the Assistant Public Defender here involved; that "No appearance on behalf of the Defendant has been made in this Court by any attorney other than" the Assistant Public Defender here involved; that "[A]t no time has the Public Defender appeared in this appeal prior to the filing of this [the response] paper."

"(A) Supplied the client with a copy of the motion and the brief.
"(B) Advised the client that he could state in a writing, delivered to the attorney within 30 days, any point that he wanted the Court to consider, and that such a writing would be included in the brief. Such statement by the attorney shall state the date on which he delivered a copy of the motion and brief to the client and whether or not any writing was received in response thereto.
"(iii) Any statement by the client which is received by the attorney in response to the motion to withdraw.
"Neither the motion nor the brief shall be an argument against the client's interest. The motion and the brief shall be served upon the State, which shall have 20 days thereafter in which to file a response or to make any application it deems appropriate.
"Upon the expiration of such 20-day period, the Court shall determine, without oral argument, whether the appeal, on its face, is wholly without merit. If the Court so determines, the Court may order that the appeal be affirmed. If the Court does not so determine, the motion for withdrawal may be granted and the Court may appoint substitute counsel who shall thereafter have 30 days in which to submit an opening brief."

The Public Defender's response concludes that even "if Rule 26(c) applied in this case, it would have no application to him since he has not appeared in this matter, nor was he the trial attorney and that sanctions may not be applied against him merely because he occupies an office with which is affiliated an attorney who represented the defendant in the Trial Court, who has appeared in the Supreme Court, and who is now before the Court and subject to Rule 26."

Following the appearances of the Assistant and the Public Defender under the Rule, the Assistant has had several conferences with the defendant, they have reconciled their differences and, with leave of Court, a supplemental brief has been filed by the Assistant Public Defender on behalf of the defendant.

## II.

■ In view of the satisfactory post-hearing developments which have occurred in the relationship between the Assistant Public Defender and the defendant, and the filing of the supplemental brief by the Assistant Public Defender on behalf of the defendant, (and in view of the Public Defender's response on April 16, 1981,[4] to an inquiry about this case, made in the name of the Chief Justice by the Chief Deputy Clerk of this Court on November 14, 1980), the matter has become moot and the Rule to Show Cause will be discharged as to both the Assistant and the Public Defender.

\*     \*     \*

However, we may not permit the position taken by the Public Defender in this matter to stand without expressing our views on the subject.

We do not agree that the office of the Public Defender is wholly administrative; that he may relegate all of his professional and supervisory duties and responsibilities to a Chief Deputy; and that, because he has not entered an appearance in this case, he has no accountability to this Court as Public Defender for apparent failures or delinquencies of an Assistant Public Defender as

to which the Chief Justice or the Court has become concerned.

■ The duties and functions of the Public Defender are prescribed by 29 *Del.C.* ch. 46, the Statute which created the office. By § 4602, the Public Defender is charged with the responsibility of representing the indigent persons found to qualify thereunder. By § 4603(b) it is provided: "The Public Defender may appoint as many assistant attorneys \* \* \* as he considers necessary to enable him to carry out his responsibilities." By § 4604, it is provided:

"When representing an indigent person, the Public Defender shall:

"(1) Counsel and defend him, whether he is held in custody without commitment or charged with a criminal offense, at every stage of the proceedings following arrest; and

"(2) Prosecute any appeals or other remedies before or after conviction that he considers to be in the interest of justice."

There is no provision in the Statute, explicit or implicit, that the Public Defender, by appointing an assistant "to enable him to carry out his responsibilities" and by not entering an appearance in a case, may relieve himself of and relegate to others all professional and supervisory duties and obligations of his office. And this is quite understandable; for in the interest of the proper execution of his office and of efficiency in the administration of justice, the Courts must have the right to look to the head of the office of Public Defender for rectification of professional failures and delinquencies on the part of his subordinates. Moreover, we are of the opinion that the Public Defender, as an officer of the Court, has the personal professional duty to assist the Court in every reasonable way in the improvement of the administration of justice; and that this is especially so when his subordinate appointee is involved. He may not relegate that duty entirely to others.

---

**4.** The hearing on the Rule was held on April 21,     1981.

The alternative to this view, if the Public Defender persists in his present position on the subject, is to order the entry, by the Clerk of the Court, of the appearance of "The Public Defender by Assistant Public Defender ⸻", in
(Name)
every case in which an Assistant Public Defender enters an appearance, on the ground that the Assistant is the agent of the Public Defender "to enable him to carry out his responsibilities."

However, in view of the outcome of this proceeding, we shall reserve for another day further consideration of that alternative, if necessary.

\* \* \*

The Rule to Show Cause is discharged.