**Coy E. BAILEY, Jr., Defendant, Appellant,**

v.

**STATE of Delaware, Plaintiff, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 20, 1981.

Decided Nov. 30, 1981.

J. Dallas Winslow, Jr., Asst. Public Defender, Wilmington, for Public Defender.

James E. Liguori, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This is an appeal from an order of the Superior Court directing the Public Defender to provide defendant with the services of a staff investigator, or, to make funds available to defendant so that he may retain a private investigator.

## I

Coy E. Bailey (defendant) was indicted for First-Degree Murder, 11 *Del.C.* § 636, and Possession of a Deadly Weapon During Commission of a Felony, 11 *Del.C.* § 1447. He was convicted of both offenses and, after sentencing by the Superior Court, he docketed an appeal in this Court. The issue herein is collateral to Bailey's appeal and is decided separately by this opinion.*

Although found indigent by the Trial Judge and thus entitled to the legal services of the Public Defender, 29 *Del.C.* § 4602, Bailey was represented by privately retained counsel. His counsel filed a motion in the Superior Court seeking the appointment of an investigator employed by the Public Defender or, in the alternative, funding by the Public Defender to employ a private investigator to assist in preparation of the defense. The Superior Court granted the motion and the Public Defender then docketed this appeal.

## II

Bailey's attorney had filed a similar motion for funds to employ a ballistics expert to assist in preparation of the defense. The Trial Court had granted the motion and ordered the Public Defender to pay the cost

---

\* The issue has been briefed by the Attorney General and the Public Defender, respectively.

Defendant has not participated in this proceeding.

of securing an expert. The Public Defender appealed, not the order appointing the expert but only the source of the funds to pay him. The ruling by the Superior Court was affirmed by an order of this Court. *State v. Bailey*, 411 A.2d 610 (1979).

Our order affirming the Superior Court's ruling as to a ballistics expert was entered after the Public Defender had refused to comply with the order of the Trial Court; and disagreement as to the order was delaying or threatening to seriously delay trial of a first-degree murder case. Thus it was important that the issue be settled promptly and that, if State funds were to be provided, they be made available without delay from a specific source. It was in that context that we affirmed the order as to the ballistics expert.

The issue now under review was presented to the Superior Court in a similar context. Following the precedent established by the ruling regarding the ballistics expert, the Trial Court, properly we think, directed the Public Defender to either provide the requested funds or make an investigator available. But, after briefing by counsel and additional consideration of the issue raised by the litigation, we conclude that the ruling should be limited to this case and that, in the future, the Public Defender should not be required to provide an indigent who is represented by privately retained counsel with either an investigator or the funds to retain one.

### III

The Office of Public Defender, 29 *Del.C.* § 4601, etc., was created to insure that the constitutional right of an indigent defendant to the assistance of counsel in a criminal case is preserved. *Waters v. State*, Del.Supr., 440 A.2d 321 (1981); *Moore v. State*, Del.Supr., 268 A.2d 875, 876 (1970). The Statute authorizes the Public Defender to appoint assistant attorneys, clerks, investigators and other employees as he deems necessary to carry out his responsibilities. 29 *Del.C.* § 4603. The legislation also authorizes the Court, *sua sponte*, to appoint, "for cause," an attorney other than the Public Defender to represent an indigent defendant or to do so upon application of either the Public Defender or the indigent defendant. 29 *Del.C.* § 4605. We have ruled that an indigent defendant has no right to the appointment of private counsel unless the Public Defender has a conflict of interest in the case or other cause is shown. *Pendry v. State*, Del.Supr., 367 A.2d 624, 626 (1976); *Moore v. State*, 268 A.2d at 876.

We have reviewed carefully all of the Statutes governing the Office of Public Defender and we are unable to find in them any express or inferential duty upon or authorization to the Public Defender to make personnel appointed by him, or funds appropriated to him, available to an indigent who is represented by retained counsel in a criminal case. It necessarily follows that, under the present statutory plan, a defendant who is indigent but who manages (through the assistance of others) to retain counsel is not entitled to the services of a Public Defender appointee nor to funding from the Public Defender's appropriation to employ an investigator as part of his defense effort. We should also add that we are not informed as to any other State or local funds which presently may be available for that purpose.

We are aware that this result has its illogical aspect: thus an indigent defendant who relieves the public of the burden of representing him cannot secure investigative assistance which he can get (under the Public Defender Act) if he places the entire burden on the public. But the result, legally speaking, is consistent with the almost universal rule that, absent statutory authority, a court will not appoint a private investigator for an indigent defendant at public expense. *Parker v. State*, Ala.Supr., 280 Ala. 685, 198 So.2d 261 (1967); *State v. Thomas*, Ariz.Supr., 104 Ariz. 338, 452 P.2d 512 (1969); *San Miguel v. McCarthy*, Ariz. Ct.App., 8 Ariz.App. 323, 446 P.2d 22 (1968); *People v. Berry*, Cal.Dist.Ct.App., 199 Cal. App.2d 97, 18 Cal.Rptr. 388 (1962); *Laughter v. State*, Miss.Supr., 235 So.2d 468 (1970); *State v. Second Judicial Dist.*, Nev. Supr., 85 Nev. 241, 453 P.2d 421 (1969);

*Dennis v. State*, Okl.Ct.Crim.App., 561 P.2d 88 (1977); *State v. Fuston*, Or.Ct.App., 7 Or.App. 436, 490 P.2d 1024 (1971).

We note that the Federal Government and some of the States have enacted statutes which expressly authorize payment for investigation expenses necessary for the adequate preparation of an indigent's defense. A New York Statute provides, in part, for example:

"Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant ... is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant." N.Y. County Law § 722(c) (McKinney).

*See also:* N.M. Stat.Ann. §§ 41–22–3; 7A N.C. Gen.Stat. § 454; 19 Pa.Stat.Ann. § 784 (Purdon) (repealed 1977 but now apparently included within 42 Pa.Cons.Stat. Ann. § 1722(a)(1) and § 3722); Utah Code Ann. § 77–64–1. The Federal Statute, 18 *U.S.C.* § 3006A(e), reads as follows:

"Upon request. Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

(2) Without prior request. Counsel appointed under this section may obtain, subject to later review, investigative, expert, or other services without prior authorization if necessary for an adequate defense. The total cost of services obtained without prior authorization may not exceed $150 and expenses reasonably incurred.

(3) Maximum amounts. Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $300, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."

■ In Delaware, however, investigative services are provided under a statute only if an indigent defendant is represented by the Public Defender. 29 *Del.C.* § 4603. Compare *Little v. Streater*, —— U.S. ——, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981), in which the Supreme Court held, in a paternity action with "quasi-criminal" overtones, that the State was required, under the Fourteenth Amendment, to pay the cost of blood grouping tests for an indigent and incarcerated defendant.

## IV

■ Facially, the decision herein may appear to be in conflict with *Pendry v. State*, supra, but the ruling in that case was bottomed on the constitutional right of the defendants and the co-relative duty imposed by law on the State of Delaware. In *Pendry*, at 626, this Court stated:

"As indigents, the defendants are entitled, at public expense, to all or such portions of the transcript of their trial as may be necessary to their appeals. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). That right is not lost by an indigent defendant who has parents financially able to pay the expenses of appeal, *State v. Allen Circuit Court*, 241 Ind. 627, 174 N.E.2d 411 (1961), or the fees of privately-retained counsel, *Arline v. State*, Fla.App., 277 So.2d 791 (1973).

There seems to be no issue as to the necessity for the entire trial transcript in this very serious criminal case."

The dispute in *Pendry* centered on whether the State or the County was required to provide payment for the transcript under 29 *Del.C.* § 4605. The Court noted that the "obligation [to provide the transcript] is placed upon the people of the State by the Federal Constitution" and that the State had not delegated that duty to the County. 367 *A.2d* at 626. Accordingly, the Court directed the State to make the necessary payment "through the Public Defender's budget appropriation *or otherwise* . . . such Order to have the force and effect of a judgment against the State." 367 *A.2d* at 627. (Emphasis added.) And in providing guidelines and procedures for future cases, the Court again emphasized the constitutional obligation imposed, saying that "the State will be obliged to pay therefor via the Public Defender's budget appropriation *or other appropriate* route." 367 *A.2d* at 627. (Emphasis added.)

Given the Federal Constitutional duty imposed upon the State, on which *Pendry* is predicated, we do not regard it as a precedent for an order compelling the State to pay for an investigator from the Public Defender's budget or otherwise.

Affirmed.