**OFFICE OF the PUBLIC DEFENDER of the State of Delaware, Appellant,**

v.

**John F. THOMPSON, Jr., Appellee.**

Supreme Court of Delaware.

Submitted: July 13, 1982.

Decided: Oct. 1, 1982.

Edmund M. Hillis (argued), Asst. Public Defender, Wilmington, for appellant.

Gary C. Linarducci (argued), Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

HERRMANN, Chief Justice:

This appeal requires the review of a Superior Court Order directing that the fee of a psychologist incurred by private counsel, in his defense of the appellee in a criminal case in which the Office of the Public Defender was not involved, be paid by the Public Defender out of funds appropriated to that Office.

### I.

The appellee was indicted on charges of Rape First Degree, Assault Second Degree and Conspiracy Second Degree. Through private counsel retained by his family, the appellee presented evidence at a suppression hearing concerning the need for psychological examination in his defense and his inability to pay for such service. Thereupon, the following Order was entered by the Trial Judge:

"WHEREAS the following facts were considered:

* The appellee subsequently entered a plea of guilty to sexual misconduct and the indicted

1. The defendant was earning approximately $70.00 per week at the time of the hearing;

2. The defendant was probably entitled to representation by the Public Defender's Office due to his small income;

3. The defendant was only able to afford representation by private counsel because his family agreed to pay most of the fee and stand responsible for the balance of the fee;

4. The defendant had a history of psychological problems, including a stay at Governor Bacon Health Center;

5. The defendant had some prior professional experience with Irwin Weintraub, Ph.D.;

6. The defendant was charged with Rape—First Degree, Assault—Second Degree and Conspiracy—Second Degree;

7. The defendant had a previous conviction for Sexual Assault;

8. The defendant gave notice to the State that he might rely on a defense of insanity.

WHEREFORE IT IS HEREBY ORDERED that the examination of John F. Thompson, Jr. by Dr. Weintraub be paid for by the State Public Defender's Office."

The Public Defender brings this appeal from that Order.*

### II.

The appellant contends that under the Statute creating the Office of Public Defender, 29 *Del.C.* ch. 46, public funds appropriated to that Office may be utilized only in a case in which it represents an indigent defendant. Principal reliance for this position is placed upon *Bailey v. State,* Del. Supr., 438 A.2d 877 (1981). There, this Court affirmed an Order of the Superior Court requiring the Office of the Public Defender to pay the costs of an investigator for the defendant who, although eligible for Public Defender representation, had obtained private counsel. But, in so doing this Court stated:

charges were dismissed.

"... the Trial Court, properly we think, directed the Public Defender to either provide the requested funds or make an investigator available. But, after briefing by counsel and additional consideration of the issue raised by the litigation, we conclude that the ruling should be limited to this case and that, in the future, the Public Defender should not be required to provide an indigent who is represented by privately retained counsel with either an investigator or the funds to retain one.

\* \* \*

"We have reviewed carefully all of the Statutes governing the Office of the Public Defender and we are unable to find in them any express or inferential duty upon or authorization to the Public Defender to make personnel appointed by him, or funds appropriated to him, available to an indigent who is represented by retained counsel in a criminal case."

438 A.2d at 878.

■ The instant situation was not governed by *Bailey* because the defendant's right to psychological or psychiatric assistance in a criminal case rises to higher levels than investigative assistance. Nevertheless, our ruling here follows the *Bailey* pattern: the Order of the Superior Court here should be affirmed on the basis of practicality and fairness, but, as a matter of policy and proper statutory construction, there should be no recurrence.

Accordingly, the following guidelines are set forth for future situations of this kind:

■ (1) An application by privately retained counsel, on the ground of indigency, for public funds for psychological or psychiatric assistance in the defense of a criminal case shall be deemed an application for leave to withdraw as counsel and for representation thenceforth by the Public Defender on the ground of indigency.

(2) Upon a finding of such indigency, the Trial Court shall grant private counsel leave to withdraw and shall refer the case to the Public Defender forthwith.

(3) Private counsel may thereafter assist the Public Defender in the case with the latter's consent, but without expectation of public compensation.

These guidelines are premised upon three principles: (1) The assistance of privately retained counsel in criminal cases should not be discouraged; (2) an indigent defendant must not be deprived of essential professional assistance in the defense of his case; but (3) public funds appropriated to the Office of the Public Defender may not be expended for defense purposes except by decision of that Office.

\* \* \*

Affirmed.