**Eddie SABINO, Petitioner-Appellant,**

v.

**Eugene LeFEVRE, Superintendent, Clinton Correctional Facility, and State of New York, Respondents-Appellees.**

**No. 116, Docket 80–2136.**

United States Court of Appeals, Second Circuit.

Argued Sept. 2, 1980.

Decided Sept. 10, 1980.

Frederick H. Block, New York City, for petitioner-appellant.

Stephen M. Jacoby, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of N.Y., Gerald Ryan, Asst. Atty. Gen., New York City, of counsel), for respondents-appellees.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

Eddie Sabino appeals from an order of the District Court for the Southern District of New York, 490 F.Supp. 183 entered by Judge Abraham Sofaer denying his application for a writ of habeas corpus challenging the validity of his conviction by the Supreme Court of New York, Bronx County, on June 11, 1975, after a jury trial for criminal sale of controlled substances in the second degree, N.Y. Penal Law § 220.41, which was affirmed by the Appellate Division, First Department, followed by denial by the New York Court of Appeals on July 23, 1976, of leave to appeal to it. His principal claim for habeas relief is that the state judge denied him due process in violation of the federal Constitution, in effect precluding him from taking the witness

---

**920**

stand in his own defense when it stated that if he did so he could be cross-examined "with respect to any or all of the acts in his life which are a matter of public record which indicate a criminal disposition," including matters pending against him in the same court, and that the state judge would advise him in the jury's presence of his Fifth Amendment rights. His counsel raised the issue upon his state appeal but not in constitutional terms. The district judge dismissed the petition for nonexhaustion of state remedies with respect to the constitutional claim.

The order of the district court is affirmed, substantially for the reasons stated by Judge Sofaer in his opinion dated April 29, 1980. See *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979). However, our affirmance does not indicate approval of statements made by Judge Sofaer in his opinion 490 F.Supp. at page 187. Our affirmance, of course, is without prejudice to petitioner Sabino's right to present his constitutional claim to the state court for adjudication.