Edward TAYLOR, Petitioner,

v.

Charles SCULLY, Superintendent, Green Haven Correctional Facility, Stormville, New York, Respondent.

No. 81 Civ. 6480 (RJW).

United States District Court,
S. D. New York.

March 30, 1982.

Edward Taylor, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for respondent; Susan L. Yarbrough, Asst. Atty. Gen., New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

Edward Taylor, appearing *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition is dismissed.

### Background

Taylor was convicted, on April 4, 1978, of criminal possession and sale of a controlled substance, after a jury trial before the Supreme Court of the State of New York, New York County. On May 18, 1978, he was sentenced to a prison term of from six years to life. The conviction was subse-

quently appealed to, and affirmed without opinion by, the Supreme Court of the State of New York, Appellate Division, First Department. *People v. Taylor*, 81 A.D.2d 756, 438 N.Y.S.2d 664 (1st Dep't 1981). Leave to appeal to the New York Court of Appeals was denied. *People v. Taylor*, 54 N.Y.2d 767, 443 N.Y.S.2d 1058, 426 N.E.2d 782 (1981). Petitioner is currently incarcerated at the Green Haven Correctional Facility in Stormville, New York. His petition for a writ of habeas corpus was filed in this Court on October 22, 1981.

## Discussion

■ Taylor raises four separate arguments in support of his petition. Respondent argues, with respect to the first three of these arguments, that Taylor has not exhausted his state remedies as required by 28 U.S.C. § 2254(b). It is well settled under 28 U.S.C. § 2254(b) that a state prisoner's federal constitutional claim must be "fairly presented" to the state courts before a federal habeas corpus court may pass on the merits of that claim.[1] *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The courts have "construe[d] rather narrowly the issue ... whether the state court [has] been given the opportunity to decide the same 'ultimate question for disposition.'" *Johnson v. Metz*, 609 F.2d 1052, 1054 (2d Cir. 1979) (quoting *Picard v. Connor, supra*, 404 U.S. at 277, 92 S.Ct. at 513); *see Sabino v. LeFevre*, 630 F.2d 919, 920 (2d Cir. 1980); *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir. 1979). In this Circuit, a federal habeas corpus petitioner has not "fairly presented" a particular claim to a state court unless he or she has (1) clearly informed the state court of the factual basis of his claim, and (2) argued to the state court that these facts constituted a violation of the petition-

er's federal constitutional rights. *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981).

■ Having these principles in mind, the Court turns to the three claims with respect to which Taylor has allegedly failed to exhaust his state remedies. Petitioner's first claim alleges that both the prosecutor and the defense counsel on his appeal engaged in "misstatements of the alleged trial court record, contradictions and hedging of points," Petition at 2, in violation of the American Bar Association standards relating to trial practice. Although petitioner phrases this claim in constitutional terms by claiming that the actions of the attorneys in his case denied him due process, equal protection, and a right of appeal, he has never presented this claim, in any form, to a New York state court. Thus, petitioner has not "fairly presented" this claim to a state court under the standard set forth in *Klein v. Harris, supra*, meaning that this claim must be dismissed for failure to exhaust state remedies.

The second ground relied on by Taylor in his instant petition was raised as Point III in his Appellate Division brief. *See* Brief for Defendant-Appellant at 13. There, the point heading alleged that the trial court committed "reversible error" by denying Taylor's motion to exclude testimony that he displayed a gun prior to the drug sale that led to his conviction. *Id.* In explaining this argument, Taylor's Appellate Division brief stated that "[i]t is a basic principle of due process that a defendant is entitled to have the Jury determine his guilt or innocence solely on evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances." *Id.* Other than the reference to "principle[s] of due process" contained in this sentence, Taylor's Appellate Division

---

1. The Court observes that, in order to have satisfied the exhaustion-of-state-remedies requirement imposed by 28 U.S.C. § 2254(b), a petitioner must not only have "fairly presented" his federal constitutional claim to an appropriate state court, but also have utilized all available mechanisms to secure appellate review of the state court's denial of that claim. *See Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.

1981). Since, as the Court describes in text, Taylor has not "fairly presented" the three claims in question to a New York state court, meaning that the first prong of the exhaustion-of-state-remedies test has not been satisfied with respect to any of these claims, the second prong of the exhaustion-of-state-remedies test is not relevant to this decision.

brief contained nothing that even arguably identified the federal constitution as the legal basis for this claim.

■ Taylor did not, by this bare reference to "principle[s] of due process," "fairly present" the legal basis of his claim to a state court. Under *Klein v. Harris, supra*, a claim has only been "fairly presented" to a state court, within the meaning of *Picard v. Connor*, if the petitioner's "state court brief contained words, such as 'under the due process clause' or 'under the Constitution,' that *expressly* spell out the petitioner's reliance on the United States Constitution as his [or her] legal basis for relief." 667 F.2d at 282 (emphasis supplied). The Court observes that the New York Constitution, like the United States Constitution, contains a "due process clause," *see* N.Y.Const. art. 1, § 6, and that the substantive contours of New York's due process clause are not in all respects coterminous with the parameters of the federal due process clause, *see People v. Isaacson*, 44 N.Y.2d 511, 519–20, 406 N.Y. S.2d 714, 718, 378 N.E.2d 78, 82 (1978). Since governmental conduct may, in a given case, violate New York principles of due process, but not federal principles of due process, it is plain that one who relies on "principles of due process" in arguing a case before a New York state court is not necessarily relying on the federal constitution in doing so. Accordingly, the Court does not read *Klein v. Harris* to state a *per se* rule to the effect that a petitioner *always* makes his or her reliance on the federal constitution "express," as required by *Klein v. Harris, merely* by alleging a violation of "due process." Rather, given the existence and differing substantive content of the New York due process clause, a petitioner can only make his or her reliance on the federal constitution "express" by coupling his or her invocation of "principles of due process" or "the due process clause" with other federal constitutional terminology or citations to federal constitutional cases. Here, then, since Taylor's Appellate Division brief characterized his improper-testimony claim as being based on a violation of "due process," without any further elaboration, Taylor has not exhausted his state remedies with respect to this claim.

■ The third claim raised by Taylor's petition appears as Point II in his brief to the Appellate Division. Taylor claimed there, and claims here, that the trial court "erred" in its "*Sandoval*" ruling. However, Taylor's Appellate Division brief recites no federal constitutional theory whatsoever in support of this claim. Under these circumstances, the principles previously set forth require the Court to hold that Taylor has failed to exhaust his state remedies with respect to his third claim.

The Court therefore turns to Taylor's fourth claim. Taylor argues that, during his trial, the prosecution provided his defense counsel with an inaccurate statement of the criminal record of an informant who testified against Taylor for the prosecution. In Taylor's view, this conduct, when coupled with the trial judge's refusal to grant an adjournment so that Taylor's counsel could endeavor to verify the record supplied by the prosecution, deprived Taylor of his sixth amendment right of confrontation. Respondent concedes that petitioner has exhausted his state remedies with respect to this claim.

■ The papers before the Court disclose a factual dispute with respect to the fourth claim raised by Taylor's petition. Specifically, respondent challenges Taylor's factual assertion that the record supplied by the prosecution was inaccurate. The Court, mindful of its obligation towards *pro se* litigants such as Taylor, believes that this factual question is best resolved at a hearing. It would grant such a hearing were it not constrained by the recent decision of the United States Supreme Court in *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), in which the Court held that a district court must dismiss a federal habeas corpus petition in its entirety if the petitioner has failed to exhaust his or her state court remedies with regard to *any* claim advanced in support of his or her petition. *Id.* at ——, ——, 101 S.Ct. at

1199, 1205.[2]  The Court is therefore required to dismiss Taylor's petition in its entirety notwithstanding the fact that Taylor has exhausted his state remedies with respect to his fourth claim.  Taylor must now choose one of two courses: (1) he may present his nonexhausted claims to an appropriate state court, and, if he obtains no relief, subsequently file a new federal habeas corpus petition based on all four of the claims raised by his instant petition; or (2) he may proceed immediately in federal court by serving and filing an amended habeas corpus petition that deletes the three nonexhausted claims and relies solely on the fourth claim raised by his present petition.  *See* —— U.S. at ——, 101 S.Ct. at 1203.[3]

### Conclusion

Taylor's petition is hereby dismissed for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b).  This dismissal is without prejudice to the merits of any of Taylor's claims.  Taylor is granted leave to serve and file within thirty (30) days of this decision an amended petition that relies solely on the fourth claim raised by his present petition.  No certificate of probable cause will issue pursuant to 28 U.S.C. § 2253 because the Court finds that there are no questions of substance on which the Court of Appeals should rule.  Moreover, inasmuch as an appeal from this order would be frivolous, the Court certifies, pursuant to the *in forma pauperis* provision of 28 U.S.C. § 1915(a), that such an appeal would not be taken in good faith.

It is so ordered.

**2.** The "total exhaustion" rule was previously applied only in the Fifth and Ninth Circuits. *See Galtieri v. Wainwright*, 582 F.2d 348, 355–60 (5th Cir. 1978) (en banc); *Gonzales v. Stone*, 546 F.2d 807, 808–10 (9th Cir. 1976).  It was not the rule in this Circuit.

**3.** Taylor should be aware, however, that the consequences of adopting the latter course are very unclear.  In *Rose v. Lundy, supra*, Justice O'Connor, in a part of her opinion joined only by Chief Justice Burger and Justices Powell and Rehnquist, made the following statement: "By invoking this procedure [serving and filing an amended petition rather than first returning

to state court] ... the prisoner would risk forfeiting consideration of his unexhausted claims in federal court.  Under 28 U.S.C. § 2254 Rule 9(b), a district court may dismiss subsequent petitions if it finds that 'the failure of the petitioner to assert those [new] grounds in a prior petition constituted an abuse of the writ.' " —— U.S. at ——, 101 S.Ct. at 1204. Four other members of the Court specifically rejected this proposition, and Justice Stevens did not reach the issue.  *See id.* at —— & n.*, 101 S.Ct. at 1213 & n.* (Brennan, J., concurring in part and dissenting in part).