OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a motion for permission to proceed on an appeal as a poor person pursuant to CPLR article 11. The issue is whether the income and the assets of the parents of a 14-year-old movant should be considered upon such application.
The motion arises in the context of a juvenile delinquency proceeding under Family Court Act article 3. After having been adjudged a juvenile delinquent, the movant’s Law Guardian filed a notice of appeal from that adjudication and then moved in this court for permission to proceed as a poor person under CPLR article 11.
The movant has given the County Attorney the notice required by CPLR 1101 (c). The County Attorney has opposed the motion on the ground that respondent’s parents are able to pay the cost of the appeal.
I
CPLR 1101 (a) which governs the application to proceed as a poor person provides: "Upon motion of any person, the court in which an action is triable, or to which an appeal has been or will be taken, may grant permission to proceed as a poor person. The moving party shall file his affidavit setting forth the amount and sources of his income and listing his property with its value; that he is unable to pay the costs, fees and expenses necessary * * * to maintain * * * the appeal; the nature of the action; sufficient facts so that the merit of his contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees and expenses.”
Thus, there are three issues which must be determined:
a) in which court should the motion be made;
b) whether the movant lacks the funds necessary to maintain the appeal; and
c) whether the movant’s contentions have sufficient merit.
A
The statute provides that the court in which an action is *1009 triable or to which an appeal has been taken may grant permission to proceed as a poor person. While the statute authorizes the motion to be made to either the trial court or appellate court, the preferred practice is to make the application in the first instance to the trial court.
"We conclude that the application to proceed as a poor person and for the transcript of the stenographer’s minutes should have been made in the first instance to the trial court and there decided. That court not only was in a superior position to pass upon the merits of appellant’s contentions that he had a worthy appeal but before the trial court was the attorney for the county and upon the latter must fall the expense of furnishing such transcript. In the event that any party is dissatisfied with the determination so made it may be reviewed upon appeal (CPLR 5701). In the further event such relief is granted by the trial court, then application may be made to this court for permission to proceed on a single copy of the record and five typewritten briefs.” (Jenks v Murphy, 21 AD2d 346, 348 [4th Dept 1964].) (Prior to 1966, a person declared a poor person did not obtain a stenographic transcript as a matter of right but was required to bring a second proceeding to obtain such transcript. A 1966 amendment to the CPLR declared that the poor person has an automatic right to the stenographic transcript eliminating the need for the second proceeding.)
Thus, movant’s application is properly before this court.
B
This court must determine whether the movant is unable to pay the costs, fees and expenses of maintaining the appeal.
The moving papers include the infant movant’s affidavit which shows that he is a high school student, that he has no assets and that his only income is approximately $15 per week from delivering newspapers. The moving papers also include the affidavit of movant’s father which shows that he and the movant’s mother have a combined annual income of $29,500 and that their equity in their home is approximately $15,000.
The County Attorney opposes the motion upon the grounds that the respondent’s parents are able to pay for the costs and expenses of maintaining the appeal.
This court agrees that if the parents’ income and assets are considered, then they would be able to pay the cost of the appeal. However, if only the movant’s assets are considered, *1010 then movant is unable to pay the costs, fees and expenses necessary to maintain the appeal.
Thus, the issue is whether the income and assets of the parents of a 14 year old, adjudged a juvenile delinquent, should be considered upon his motion to appeal such adjudication as a poor person.
The County Attorney argues that since movant is under age 21, his parents are solely responsible for his necessaries and, therefore, their income must be considered upon this application.
We disagree.
i
The governing statute, CPLR 1101 (a), provides in pertinent part as follows: "The moving party shall file his affidavit setting forth the amount and sources of his income and listing his property with its value; that he is unable to pay the costs * * * and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs” (emphasis supplied).
Thus, the statute provides that only the resources of the movant shall be considered, unless a recovery is sought, in which instance the resources of any party beneficially interested in such recovery may be considered. Since the successful appeal of a juvenile delinquency adjudication will not result in any recovery, movant’s parents are not persons beneficially interested in any recovery sought and, thus, their resources cannot be considered on that basis.
The last sentence of CPLR 1101 authorizes a representative to move on behalf of an infant. However, there is no requirement in the statute that the resources of the parents are to be considered in such instances. Thus, the Legislature contemplated that this provision may be invoked on behalf of infants but did not provide that the resources of the parents would be considered upon such application. In interpreting this provision, we are guided by McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74, which provides: "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.”
Since the Legislature contemplated that the statute may be *1011 invoked on behalf of infants but did not provide that in such instance the resources of the parents would be considered, the court must construe such omission as an indication that such omission was intended. The court may not add, by implication, a provision to a statute which is clearly absent.
ii
The County Attorney contends that the parents of an infant are liable for his necessaries and, therefore, their resources must be considered upon his application to proceed on his application to proceed as a poor person. If the movant is granted poor person status, then he must be furnished with a transcript of the proceeding at county expense (CPLR 1102 [b]). The county urges that such constitutes a necessity for which the parents are liable.
However, we need not and we may not resolve that issue in this proceeding. To the extent that the party has furnished good resources for the benefit of an infant for which it seeks reimbursement from his parents on the grounds that such constitutes a necessity, such reimbursement must be sought in a plenary action in a court having jurisdiction over such matters. However, such cannot preclude the infant movant’s right to proceed as a poor person.
While some cases have held that legal services rendered for the benefit of an infant are necessities for which the parents may be held liable, such decisions have been reached in a plenary action in which the person having performed such services has sought payment from the parents. (See, Fanelli v Barclay, 100 Misc 2d 471; Errico v Manville, 59 Misc 2d 549.)
iii
This court, therefore, concludes that the application of an infant who has been adjudged a juvenile delinquent to proceed with the appeal of such adjudication as a poor person shall be determined by considering only his resources without considering the resources of his parents.
c
We must next determine whether the movant’s contentions have sufficient merit.
In determining whether or not the appeal has merit, this court is not permitted to determine the appeal but merely *1012 must determine whether the appeal has arguable merit and is not frivolous.
"In this case the trial court weighed the evidence that was before the jury and concluded that it did not 'feel there is any merit to her appeal.’ The trial court misconceived the scope of its discretion on such a motion. Its determination was, in effect, appellate review of the jury verdict, a matter which the trial court should not address. A motion under CPLR 1101 (subd [a]) should be made before the trial court * * * which should merely satisfy itself that the appeal is not frivolous or, stated another way, that the appeal has arguable merit.” (Nicholas v Reason, 79 AD2d 1113 [4th Dept].)
The movant has submitted an affidavit of his attorney as well as his own affidavit setting forth his contentions upon the appeal. The County Attorney does not argue that the appeal is frivolous or lacks sufficient merit.
Therefore, this court finds that the petition of the movant on the appeal has sufficient merit to come within the requirements of CPLR 1101.
II
This court, therefore, finds that movant is unable to pay the costs, fees and expenses necessary to maintain the appeal of the order adjudging him to be a juvenile delinquent and that his appeal has sufficient merit to qualify him within the purview of CPLR 1101. Therefore, the movant is entitled to proceed on his appeal as a poor person under CPLR article 11.