Robert Abrams, Atty. Gen. of State of N.Y., New York City, for respondent; Elaine Stogel, Asst. Atty. Gen., of counsel.

OPINION

**Daniel FULLAN, Petitioner,**

v.

**COMMISSIONER OF CORRECTIONS OF the STATE OF NEW YORK, Respondent.**

**No. 88 Civ. 6070 (RWS).**

United States District Court, S.D. New York.

Jan. 20, 1989.

SWEET, District Judge.

Petitioner Daniel Fullan ("Fullan") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based upon the State's failure to provide him as an indigent defendant with a trial transcript free of charge. For the reasons set forth below, the petition is denied.

*Facts*

On January 6, 1988, Fullan was convicted of second degree murder, kidnapping and robbery after his trial in the Supreme Court of New York State in the County of Queens. He was sentenced to a term of 45 years to life.

On March 1, Fullan moved the Court for a free copy of his trial minutes. Despite Fullan's sworn statement that he was without funds to prosecute his appeal, his mo-

tion was denied. A renewed motion made April 29 was denied on June 9, 1988. Leave to appeal to the New York State Court of Appeals was applied for on July 14, 1988 and was denied in an order dated August 5, 1988.

Fullan paid $27,500 in legal fees for his trial, some of which was borrowed. Fullan swears that he is indigent, and that he has only approximately $360 in his commissary account. He contends that he has no money available for the purchase of transcripts which, according to the state, would cost over $900.00. However, Fullan's family and friends have secured $10,000 for legal services for an appeal.

*Discussion*

Because this case arose in the Appellate Division and an application for Leave to Appeal was denied by the New York Court of Appeals, and because Fullan cited the United States Constitution in his application, Fullan has exhausted state remedies and has afforded the State an opportunity to review his federal constitutional claim. Therefore, this petition is ripe for determination by this court.

It is well-established that the Due Process and Equal Protection Clauses of the Fourteenth Amendment require a state to provide an indigent defendant with a copy of his or her trial transcript. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The Supreme Court has elaborated:

> *Griffin v. Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when these tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.

*Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971), *quoted in United States v. Sliker,* 751 F.2d 477 (2d Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

■ However, no authority has been cited to establish that the Constitution requires a state to provide free trial minutes to a defendant who has access to substantial funds for purposes of appeal. Fullan, whose family and friends have raised $10,000 for his appeal, is in no different a position than the defendant who has $10,000 of his own money to spend on appeal. Fullan has failed to prove the requisite financial need. The New York State courts have denied Fullan indigent status, and no error of constitutional magnitude has been demonstrated with respect to that determination.

■ Further, § 671.3(b)(3) of the rules of the Appellate Division, Second Department of New York does not violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the Constitution to the extent that it links a defendant's ability to retain counsel with his ability to pay the costs and expenses of an appeal by prohibiting retained counsel from receiving minutes paid for by the government. An indigent defendant whose friends and family are willing to hire a lawyer for the defendant at their expense has no right to a free copy of the trial minutes.

*Conclusion*

The facts in this case reveal no grounds for a finding that the state has deprived Fullan of his constitutional rights by refusing to issue free transcripts to him. Fullan's petition for a writ of habeas corpus is therefore denied and the petition dismissed.

It is so ordered.