Daniel FULLAN, Petitioner–Appellant,

v.

COMMISSIONER OF CORRECTIONS OF the STATE OF NEW YORK and the Justices of the Appellate Division, Second Department, Respondents–Appellees.

No. 102, Docket 89–2154.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 1989.

Decided Dec. 12, 1989.

Irving Anolik, New York City, for petitioner-appellant.

Elaine Stogel, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., on the brief), for respondents-appellees.

Before VAN GRAAFEILAND, MESKILL, and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Daniel Fullan, a New York State ("State") prisoner who wishes to appeal in state court from his convictions of state crimes, appeals from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge*, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982), which alleged that the state appellate court denied him a free trial transcript despite his indigence. The district court ruled that the State was entitled to deny Fullan a free transcript on the ground that his family and friends had raised funds to retain appellate counsel for him. 703 F.Supp. 15. Fullan contends that the district court erred in failing to hold that the state court rule granting free transcripts only to indigent appellants who prosecute their appeals *pro se* or with assigned, rather than retained, counsel violates an indigent defendant's rights under the Fourteenth Amendment to the Constitution. To the extent indicated below, we agree, and we vacate and remand for further proceedings.

## I. BACKGROUND

In January 1988, following a jury trial in State Supreme Court, Queens County, Fullan was convicted of second degree murder, kidnaping, and robbery; he was sentenced to a prison term of 45 years to life and is currently incarcerated. He is attempting to appeal the judgment of conviction to the State's Appellate Division for the Second Department ("Second Department"). Fullan's family and friends raised $10,000 to retain an attorney to represent him on appeal.

Though not needing assigned counsel, Fullan applied for leave to appeal as a poor person in other respects, asking the court to dispense with printing and to provide his counsel with a free copy of the trial minutes. The Second Department summarily denied Fullan's motion, but stated that the denial was without prejudice to a renewed motion showing his financial condition.

Fullan filed a new motion, supported by his detailed affidavit stating that $27,500 had been paid to his trial counsel and that this sum had been raised by liquidating his total net worth and by borrowing; that he had no assets left other than approximately $360.31 in his commissary account at the Clinton Correctional Facility; that he had received no money while incarcerated; and that the $10,000 paid to retain his appellate counsel had been raised by his family and friends. This motion too was denied summarily; no reasons were stated. Leave to appeal to the New York Court of Appeals was denied on the ground that the Second Department's ruling was not appealable.

In August 1988, Fullan filed his present petition for habeas corpus in the district court, contending that the Second Department's denial of his motion without a hearing and its refusal to provide him with a free copy of the transcript of his trial minutes denied him appellate review, in violation of his rights to due process and equal protection. He named as respondents the Justices of the Second Department and the State's Commissioner of Corrections. He asked that the Second Department be ordered to provide him with a free transcript, or, if it refused, that the State be ordered to release him from prison. The court directed respondents to answer or move against the petition.

Respondents, in effect, moved to dismiss. An affidavit of a State Assistant Attorney General stated that Fullan's trial had occupied some seven trial days and that a transcript, assuming a 700–page record, would cost $962.50. An affidavit of the Clerk of

the Second Department explaining that court's denial of Fullan's motions stated, in pertinent part, that the Second Department

> annually grants poor person relief in approximately 1200 appeals. We have attempted to ascertain from the Office of Court Administration and from the Administrative Judge of the Criminal Courts the amount expended annually to provide minutes to defendants who have been granted poor person relief, but have been informed that such information is not maintained. However, from the large number of such determinations granted each year, it is obvious that the cost is very high.
>
> The Justices were concerned because defendant was able to pay $27,500 to retained trial counsel and $10,000 to retained appellate counsel but did not attempt to allocate any funds for the transcripts.
>
> The Justices of the Appellate Division believe that an application such as that filed by counsel would seem to come with ill grace, when the result would be that counsel receives $10,000 for handling the appeal, but the taxpayers of this state would have to bear the cost of paying for the transcript.

In an Opinion dated January 20, 1989 ("Opinion"), the district court denied Fullan's petition, stating that

> no authority has been cited to establish that the Constitution requires a state to provide free trial minutes to a defendant who has access to substantial funds for purposes of appeal. Fullan, whose family and friends have raised $10,000 for his appeal, is in no different a position than the defendant who has $10,000 of his own money to spend on appeal. Fullan has failed to prove the requisite financial need.

*Id.* at 3. The court cited § 671.3(b)(3) of the Rules of the Second Department, which provides that an appellant in a criminal case has the

> right, upon proof of his financial inability to retain counsel and to pay the costs and expenses of the appeal, to make application to the appellate court for the follow-

ing relief: for the assignment of counsel to prosecute the appeal; for leave to prosecute the appeal as a poor person and to dispense with printing; and if stenographic minutes were taken, for a direction to the clerk and the stenographer of the trial court that a typewritten transcript of such minutes be furnished without charge to the appellant's *assigned* counsel or, if appellant prosecutes the appeal *pro se*, to appellant.

McKinney's 1989 New York Rules of Court § 671.3(b)(3) (emphasis added). The court found that this section, granting a transcript only where counsel is assigned, while denying it where counsel is retained, does not violate a defendant's rights to due process or equal protection

> to the extent that it links a defendant's ability to retain counsel with his ability to pay the costs and expenses of an appeal by prohibiting retained counsel from receiving minutes paid for by the government. An indigent defendant whose friends and family are willing to hire a lawyer for the defendant at their own expense has no right to a free copy of the trial minutes.

Opinion at 3. Judgment was entered dismissing the petition.

Fullan appeals, contending that since he is indigent, he has the right to a free transcript for purposes of appeal despite the fact that family and friends have raised sufficient funds to retain counsel for him. For the reasons below, we conclude that if Fullan himself had no funds with which to prosecute the appeal and had no control over the funds used to retain counsel for him, the State's denial of his application for a free transcript violates his rights to due process and equal protection.

## II. DISCUSSION

### A. *Habeas Jurisdiction of Fullan's Claim*

Before we reach the merits of Fullan's claim that the denial of a free transcript denies him due process or equal protection, we must consider whether his claim came within the scope of the district court's

jurisdiction. Though Fullan's request that the district court order the state court to provide him with a free transcript does not at first blush appear to come within the habeas statute, and "[t]he federal courts have no general power to compel action by state officials," *Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir.1988), we conclude that Fullan's claim was within the court's habeas jurisdiction.

Section 2254(a) of 28 U.S.C. provides that a district court shall entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Jurisdiction of Fullan's claim under this section is not immediately clear. Fullan is in custody because of his conviction of state crimes. He has not alleged any constitutional flaw in the prosecution or trial, and his primary request for relief is not release from custody but an order compelling the state court to provide him with a free copy of his trial minutes. The granting or denial of the transcript does not immediately appear to affect his custody. He would remain in custody if the state court granted him a free transcript and his conviction were affirmed; he could be released from custody if the state court persisted in its denial of a free transcript but reversed his conviction.

Nonetheless, we are persuaded that habeas jurisdiction is proper because Fullan is not permitted to perfect his appeal without including the trial transcript in his record on appeal. Under the Second Department's Rules, in virtually all cases, including Fullan's, a transcript must be filed in order even to docket an appeal to that court. *See* McKinney's 1989 New York Rules of Court §§ 670.8, 670.16, 670.20; N.Y.Civ.Prac.L. & R. 5526 (McKinney 1978). Though there are a few exceptions to the requirement, respondents conceded at oral argument before this Court that in the circumstances here, Fullan cannot appeal unless he files the trial transcript.

Though our conclusion as to jurisdiction would be different if Fullan could perfect his appeal without filing a trial transcript, thereby allowing the normal collateral review of whether denial of a transcript violated his constitutional rights, we are persuaded that habeas jurisdiction exists in the present case. Fullan is in custody because of his conviction, and though he could be released if he were successful on appeal, he is not allowed to appeal without filing a transcript. Accordingly, we conclude that given the combined effect of the Second Department's decision denying him a free transcript and its Rules preventing him from appealing without filing a transcript, Fullan is in custody within the meaning of § 2254.

## B. *The Denial of a Free Transcript*

As a general matter, "differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." *Roberts v. Lavallee,* 389 U.S. 40, 42, 88 S.Ct. 194, 195–96, 19 L.Ed.2d 41 (1967) (per curiam); *see, e.g., Ross v. Moffit,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); *Lane v. Brown,* 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (plurality opinion); *id.* at 20, 76 S.Ct. at 591 (Frankfurter, *J.,* concurring in the judgment). A trial transcript may be such an instrument. Though a state is not required by the Constitution to provide a right of appeal, it is well established that when such a right of appeal is provided, an indigent defendant is entitled to "as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois,* 351 U.S. at 19, 76 S.Ct. at 591 (plurality opinion); *see, e.g., Gardner v. California,* 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); *Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194; *Lane v. Brown,* 372 U.S. 477, 83 S.Ct. 768. Thus, the state may be required to provide a defendant with a trial transcript at state expense. *But see Draper v. Washington,* 372 U.S. at 495, 83 S.Ct. at 779 ("[a]lterna-

tive methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise").

█ Assuming the veracity of Fullan's allegations of poverty in the present case, which respondents have not answered, we disagree with the district court's conclusion that Second Department Rule § 671.3(b)(3) does not violate Fullan's rights to due process and equal protection. We agree with so much of the court's decision as states that "to the extent that it links *a defendant's* ability to retain counsel with his ability to pay the costs and expenses of an appeal" (emphasis added) the Rule is valid. If Fullan retained funds, he would not be indigent. Or if he himself had paid appellate counsel, we would agree that he was required to provide for the transcript. Indeed, if Fullan even had discretionary use of the funds raised by his family and friends or had control of them, we would agree with the district court that he was "in no different a position than the defendant who has $10,000 of his own money to spend on appeal."

█ But in the state of facts assumed here, respondents focus not on assets owned or controlled by the defendant but rather on assets belonging to his family and friends. This focus is inappropriate, for indigence is personal. The State is not entitled to treat the funds of others, over which a defendant has no control, as assets of the defendant. Nor is respondents' reference to the fact that Fullan paid his trial counsel $27,500 pertinent. This figure is cited as if the sum spent were somehow still retained. The amount of money that has passed from the defendant's ownership prior to the appellate stage is irrelevant unless it was a fraudulent conveyance.

There is no doubt that the expense to the State of providing free assistance to indigent appellants is great. Yet none of the State's other Judicial Departments has a rule denying a free transcript to an indigent defendant for whom appellate counsel has been retained. Further, the expense here would be greater if the State were required to pay the attorney's fee as well as the cost of the transcript. *See* N.Y. County Law § 722 (McKinney Supp.1989) (each county must implement a plan for providing counsel for those "persons charged with a crime ... who are financially unable to obtain counsel").

We think there is also little doubt that either a defendant's benefactors or the retained attorney will fare better economically if the State is required to provide a free transcript. Without State provision of a transcript, either the benefactors would advance additional funds or the attorney would agree to a lower fee in order that a transcript could be purchased. Or the State might appoint the attorney (or another attorney) and pay him at statutorily limited rates. *See* N.Y. County Law § 722–b (McKinney Supp.1989) (counsel assigned to felony appeals normally limited to maximum fee of $1,200); *cf.* 18 U.S.C. § 3006A(d) (Supp. V 1987) (assigned counsel in federal appeals normally limited to maximum fee of $2,500).

█ The possibility that a retained attorney will receive what appears to be a very large fee while the defendant's transcript is paid for by the taxpayers is not an attractive scenario, but we cannot conclude that this possibility is dispositive. The determinative consideration is that a state has no right to dictate how the defendants' family and friends will spend their money. Insofar as the state's prosecution of a defendant is concerned, family and friends are bystanders. *Cf. In re Heysham*, 131 Misc.2d 1007, 502 N.Y.S.2d 636 (Fam.Ct. 1986) (parents of 14-year-old juvenile delinquent not responsible for providing transcript for appeal; their assets not considered in determining 14-year-old's indigence). Bystanders have no obligation to the state; they have no responsibility for the expenses of the person convicted. The state, however, once it has provided a right of appeal generally, does have an obligation to provide the wherewithal for an appeal by an indigent prisoner. Since the state has no right to dictate how the benefactors' money will be spent, it has no right to require that the defendant choose be-

tween forgoing retained counsel and forgoing an appeal. *Accord State of New Jersey v. Morgenstein*, 147 N.J.Super. 234, 371 A.2d 96 (1977) (defendant's eligibility for free transcript "measured by what he is legally entitled to as an indigent, and not by the contingent benefactions of others"; "the court is not free to instruct [voluntary benefactors] as to how their funds must be allocated").

In sum, though the State takes the position that the application for a free transcript where counsel is to receive $10,000 comes with "ill grace," our conclusion is that if the convicted person is indigent and has not had control over the funds raised to pay his appellate attorney, the State is obligated to provide him with a free transcript.

Accordingly, we vacate the judgment of the district court and remand for further proceedings. Respondents did not answer the petition, and it is not clear whether or not they controvert the factual allegations made in support of the petition. Nor was any hearing held in the state court in connection with the denials of Fullan's applications. Respondents remain free to seek a hearing as to the truth of those allegations and as to whether Fullan ever had control over the funds raised to pay appellate counsel.

If the district court finds that Fullan's financial condition is as he has represented it and that he did not have control over the funds used to retain his appellate counsel, it should issue the writ of habeas corpus requiring the State to release Fullan unless, within such period as the court deems reasonable, the State provides him with a free transcript.

## CONCLUSION

The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.

MESKILL, Circuit Judge, dissenting:

I respectfully dissent.

Although the majority correctly observes that "[t]he federal courts have no general power to compel action by state officials," *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), they are nevertheless "persuaded" that habeas jurisdiction is proper because, under the Second Department's Rules, "Fullan is not permitted to perfect his appeal without including the trial transcript in his record on appeal." I am unpersuaded.

Federal courts have jurisdiction to entertain a petition for a writ of habeas corpus "*only* on the ground that [the prisoner] is in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see Preiser v. Rodriguez*, 411 U.S. 475, 486 n. 7, 93 S.Ct. 1827, 1834 n. 7, 36 L.Ed.2d 439 (1973) ("traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody"). However, Fullan's petition challenges neither the constitutionality nor the legality of his incarceration. Instead, Fullan seeks from the federal court only what he failed to obtain from the New York state courts—a copy of his trial transcript at state expense. I cannot conclude that at this time Fullan's "custody" is even arguably in violation of the Constitution or laws of the United States within the meaning of section 2254. Therefore, I do not believe that habeas jurisdiction is present.

Assuming that habeas jurisdiction is proper in this case, Fullan fails to meet another requirement for relief. He must exhaust available state remedies as a necessary prerequisite to applying for federal habeas corpus relief. 28 U.S.C. § 2254(b). We have adopted a two-stage inquiry for determining whether the requisite exhaustion has occurred. First, the identical federal constitutional claim urged upon the federal habeas court must have been "fairly presented" to an appropriate state court. *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir.1982) (in banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981). While somewhat regimented, this rule requires that the petitioner must have informed the state court of both the factual and legal premises of the claim he asserts in federal court.

*Daye,* 696 F.2d at 191–95; *see Picard v. Connor,* 404 U.S. 270, 276–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). Second, upon being denied relief on his federal constitutional claim in an appropriate state court, the petitioner must have utilized all available mechanisms to secure appellate review. *Klein,* 667 F.2d at 282; *see* 28 U.S.C. § 2254(c).

Fullan satisfied the second prong of the exhaustion test when he sought leave to appeal to the New York Court of Appeals. He has not, however, "fairly presented" his federal constitutional claim to the New York state courts as required under the first prong of the test. Notwithstanding the district court's assertion to the contrary, the papers submitted to the Appellate Division on Fullan's behalf did *not* cite to the United States Constitution, any provisions thereof, or to any federal statute. *Without* case citation or constitutional analysis Fullan's counsel nebulously argued to the Appellate Division only that "under the appropriate decisions of the Supreme Court of the United States and of [New York], this motion should be granted without delay." The majority apparently construes petitioner's bare reference to "decisions of the Supreme Court of the United States" as sufficient to fairly present all federal constitutional claims. I do not. *See, e.g., Taylor v. Scully,* 535 F.Supp. 272 (S.D.N.Y.1982) (holding mere reference to "principle[s] of due process" insufficient to present constitutional claim).

Furthermore, even assuming that Fullan has exhausted his state court remedies, I cannot conclude that Second Department Rule § 671.3(b)(3) transgresses either equal protection or due process guarantees. As written, section 671.3(b)(3) links an appellant's ability to retain counsel with his ability to pay the expenses incidental to an appeal—not an unreasonable relationship. Upon the requisite proof of an appellant's financial inability to retain counsel, the rule specifically allows either appellant's assigned counsel or appellant, if proceeding *pro se,* to receive a trial transcript at state expense. Retained counsel, however, is prohibited from receiving a transcript without charge. Facially, this dichotomy does

not run afoul of Fourteenth Amendment guarantees. Section 671.3(b)(3) is "free of *unreasoned* distinctions," *Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966) (emphasis added), and attempts to provide indigents with an "adequate opportunity to present their claims fairly within the [appellate] system," *Ross v. Moffitt,* 417 U.S. 600, 612, 94 S.Ct. 2437, 2444–45, 41 L.Ed.2d 341 (1974). *See Griffin v. Illinois,* 351 U.S. 12, 16–19, 76 S.Ct. 585, 589–90, 100 L.Ed. 891 (1956) (plurality opinion).

In applying section 671.3(b)(3), the Appellate Division merely attributed to Fullan the non-contingent benefactions of others in determining whether "his financial inability to retain counsel and to pay the costs and expenses of the appeal" necessitated the provision of transcripts at state expense. Echoing the apparent sentiment of the Appellate Division, the district court concluded that "Fullan, whose family and friends have raised $10,000 for his appeal, is in no different a position than the defendant who has $10,000 of his own money to spend on appeal." I agree. While every defendant who retains appellate counsel would undoubtedly prefer that the state foot the bill for the trial transcript, the Constitution simply does not require a state to provide a free transcript to a defendant who has access to substantial funds for purposes of appeal. Thus, while Fullan apparently is personally financially unable to retain counsel, the application of section 671.3(b)(3) to him in his circumstances cannot rationally be said to foreclose his right to appeal.

Fullan is not barred from receiving a transcript at state expense. He simply can't get one on his own terms. Furthermore, Fullan is under no compulsion to accept private representation, but may apply for assigned counsel pursuant to N.Y. County Law § 722(4) (McKinney Supp. 1989) and N.Y.Crim.Proc.Law § 460.70 (McKinney 1983). Upon the assignment of counsel, a transcript of the lower court proceedings will be furnished without charge. Having voluntarily accepted private representation, Fullan's contention that *he* was financially unable to retain

counsel and therefore should be provided with a transcript at state expense has a hollow ring. It is inconceivable that family and friends who have raised $10,000 for Fullan's appeal would restrict the use of those funds to the payment of counsel fees if they knew that the appeal could not be perfected without a trial transcript. An offer of assistance subject to such a restriction would be empty and self-defeating. An interpretation of section 671.3(b)(3) that equates Fullan's situation with that of an indigent hardly compliments the constitutional protections for indigent criminal appellants under the Fourteenth Amendment.

Finally, the rule espoused by the majority today invites widespread abuse. There is nothing to prevent supporters of criminal appellants from raising $25,000, $50,000 or $100,000 for a defense fund expressly limited to paying "attorney's fees" only for a more expensive criminal defense lawyer. The majority's holding will also require the Appellate Division to engage in detailed factfinding regarding the source of an appellate attorney's fee and, potentially, the complicated financial relationships that might exist between defendants and their benefactors. This, the Constitution does not require. I would affirm the judgment of the district court.