962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jackson B. SMITH, Plaintiff/Appellant,
v.
SUPREME COURT OF WISCONSIN, Court of Appeals of Wisconsin,
Honorable Clair H. Voss, Waukesha County Circuit
Court, et al., Defendants/Appellees.
 No. 91-1518.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jackson Smith was issued a traffic citation for driving 14 miles per hour over the posted speed limit. Smith was found guilty in the Municipal Court and requested a jury trial in the Circuit Court, but the Circuit Court dismissed his case after he failed to appear at a status conference. Because Smith appealed to the Wisconsin Court of Appeals six days after the 90-day filing deadline, his appeal was denied for lack of jurisdiction. The Wisconsin Supreme Court denied his petition for review.
 
 
 2
 Smith, pro se, filed a civil rights action in federal court alleging that he was falsely accused of speeding and that he was denied his right to have his case adjudicated. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (we construe pro se complaints liberally). Smith asked the federal court to order a new trial. The district court noted that the only allegation against the Wisconsin Supreme Court was that it denied a petition for review and that the only allegation against the Wisconsin Court of Appeals was that it dismissed Smith's appeal because it was filed too late. The district court dismissed the complaint as to those two defendants and as to Judge Voss since Smith's complaint was essentially on the order of a request for a writ of mandamus directed to a state court, which cannot be maintained in federal court. Biggs v. Ward, 212 F.2d 209, 211 (7th Cir.1954) (district court lacked jurisdiction where plaintiff's dissatisfaction with state court rulings was essentially a petition for a writ of mandamus); see also Fullan v. Commissioner of Corrections, 891 F.2d 1007, 1010 (2d Cir.1989) (federal courts are without general power to compel action by state officials). The district court dismissed the complaint as to defendant Schober because the complaint contained no allegations against him.[1] The district court dismissed the complaint as to defendant Kuenzi, the officer who issued the citation, because a finding of guilty after a trial ends the issue of whether Kuenzi arrested Smith without probable cause. See King v. Goldsmith, 897 F.2d 885, 886 (7th Cir.1990) ("conviction bars a suit for false arrest ... based on a claim that there was no probable cause to arrest the plaintiff") (emphasis supplied).
 
 
 3
 On appeal, Smith, pro se, continues to argue that he was denied his right to a trial, presumably to the jury trial that he had requested in the circuit court.[2] He essentially argues that the district court's decision was wrong, without developing any legal argument. Appellees[3] argue that Smith's failure to follow Federal Rule of Appellate Procedure 28(a)(5)[4] forces appellees to present Smith's issues and arguments and then argue against them.
 
 
 4
 We agree that Smith's appellate brief is inadequate in that it does not "contain the contentions of the appellant with respect to the issues presented, and the reasons, therefor, with citations to the authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(5). Although the briefs of pro se litigants are not held to the same standard as those by counseled litigants, Glick v. Gutbrod, 782 F.2d 754, 755 n. 1 (7th Cir.1986), we have warned pro se litigants that we may dismiss an appeal that does not contain an identifiable argument, McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984), any legal authority, or that fails to specify any error in the district court's decision. Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989). This court has no duty to construct a party's legal arguments, United States v. Brown, 899 F.2d 677, 679 n. 1 (7th Cir.1990), or to do a party's research. Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 
 5
 The district court concluded that either it had no jurisdiction or that Smith failed to state a claim under federal law. Smith has not given this court a legal argument undermining the correctness of those conclusions. Consequently, this appeal is DISMISSED for noncompliance with Federal Rule of Appellate Procedure 28(a)(5).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 On appeal, Smith voices his allegations against Schober for the first time. Because his allegations were not raised in the district court, they are waived on appeal. Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir.1990)
 
 
 [2]
 Smith also argues on appeal that his driver's license was subsequently revoked without a trial. However, we will not consider any references to material outside the record. See United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990)
 
 
 [3]
 A response brief was filed only on behalf of appellees Schober and Kuenzi
 
 
 [4]
 Federal Rule of Appellate Procedure 28 was amended effective December 1, 1991. Former Rule 28(a)(4) is now Rule 28(a)(5)