15-522-cv
Leder v. American Traffic Solutions

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand fifteen.

PRESENT:   CHESTER J. STRAUB,
                   REENA RAGGI,
                   RICHARD C. WESLEY,
                           *Circuit Judges*.
-----------------------------------------------------------------------
CLAIRE F. LEDER, on behalf of herself and all others similarly situated,

                     *Plaintiff-Appellant*,


                v.                                                    No. 15-522-cv


AMERICAN TRAFFIC SOLUTIONS, INC., ATS CONSOLIDATED, INC., NASSAU COUNTY TRAFFIC AND PARKING VIOLATIONS AGENCY, DEFENDANT DOES 1 TO 10,

                     *Defendants-Appellees*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        RAYMOND BARTO (Lee Squitieri, *on the brief*), Squitieri & Fearon, LLP, New York, New York.

1

APPEARING FOR APPELLEES:    SARA    DECATUR    JUDGE    (Robert    D.
Friedman, *on the brief*), Burns & Levinson, LLP,
Boston, Massachusetts, *for* American Traffic
Solutions, Inc., and ATS Consolidated, Inc.

MARK S. MULHOLLAND, Ruskin Moscou
Faltischek, P.C., Uniondale, New York, *for*
Nassau County Traffic and Parking Violations
Agency.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment entered on January 30, 2015, is AFFIRMED.

Plaintiff Claire F. Leder appeals the dismissal of her complaint, which alleged that

defendants American Traffic Solutions, Inc., ATS Consolidated, Inc., Nassau County

Traffic and Parking Violations Agency, and numerous John Does violated her right to

substantive due process and with unjust enrichment.[1]   See Leder v. American Traffic

Sols., Inc., 81 F. Supp. 3d 211 (E.D.N.Y. 2015).   Leder alleged that defendants

improperly shortened the time of yellow lights in Nassau County in order to generate

revenue when drivers were forced to run red lights, which violations were caught by traffic

cameras and resulted in tickets being issued.   Leder received, and paid, such a ticket in the

---

[1] Plaintiff abandoned below, and does not appeal the dismissal of, claims under 42 U.S.C. § 1983 for violations of equal protection and procedural due process, under New York State Civil Rights Law § 11 for being fined without reasonable cause, and under New York Vehicle and Traffic Law § 238(2)(b) for issuing a ticket with illegible information.   Thus, we need not address these claims here.

2

amount of $65.00. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Substantive Due Process

A substantive due process claim under 42 U.S.C. § 1983 requires plaintiff to show (1) a "fundamental liberty interest," Washington v. Glucksberg, 521 U.S. 702, 721 (1997), (2) the deprivation of which was "arbitrary in the constitutional sense," Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994). Although "the Supreme Court has never held that a property interest so modest [as the $65.00 traffic fine incurred by Leder] is a fundamental right," Idris v. City of Chicago, 552 F.3d 564, 566 (7th Cir. 2009), we need not decide that issue here because, in any event, the alleged deprivation was not sufficiently arbitrary or outrageous to offend substantive due process.

"Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." Lowrance v. Achtyl, 20 F.3d at 537 (internal citations and quotation marks omitted). Leder alleged that defendants reduced yellow-light time below the three seconds required by state law, see N.Y. Veh. & Traf. Law § 1680(a) (incorporating the National Manual on Uniform Traffic Control Devices), and that such ultra vires government action can be "sufficiently arbitrary to amount to a substantive due process violation," Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 789 (2d Cir. 2007). The argument fails because it confuses ultra vires action with action contrary to governing statutory provisions. As this court has explained, "substantive due

3

process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious." Kuck v. Danaher, 600 F.3d 159, 167 (2d Cir. 2010); see also Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999) ("Arbitrary conduct that might violate zoning regulations as a matter of state law is not sufficient to demonstrate conduct so outrageously arbitrary as to constitute a gross abuse of governmental authority that will offend the substantive component of the Due Process Clause."). Because Leder's claim of shorter yellow-light time than provided by state law does not assert conduct so "arbitrary, conscience-shocking, or oppressive" as to implicate substantive due process, Lowrance v. Achtyl, 20 F.3d at 537 (internal citations omitted), the district court correctly dismissed her claim.

No different conclusion is warranted by the doctrine that "[w]here a government official takes an affirmative act that creates an opportunity for a third party to harm a victim (or increases the risk of such harm), the government official can potentially be liable for damages" for a violation of substantive due process. Lombardi v. Whitman, 485 F.3d 73, 80 (2d Cir. 2007). We have thus far limited application of that doctrine to claims against law enforcement officers who "enhanced or created the opportunity for the criminal act through some interaction or relationship with the wrongdoer." Id. In Lombardi, we declined to extend the doctrine to officials who make discretionary policy decisions while "subject to the pull of competing obligations." Id. at 83. Leder's claim falls into this second category. She does not challenge defendants' overall authority to establish traffic light times or to use traffic cameras to identify violations and issue fines. She argues only

4

that the challenged yellow-light time was at odds with state law. This does not state a claim for violation of substantive due process.[2]

2. Unjust Enrichment

Leder submits that the district court erred in dismissing her unjust enrichment claim as duplicative of her failed due process claim. We need not decide this issue because we affirm on the alternate ground that Leder fails in any event to state an unjust enrichment claim. See Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 413 (2d Cir. 2014) (recognizing court's ability to affirm judgment on any basis supported by the record).

Under New York law, a plaintiff claiming unjust enrichment must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Ashland Inc. v. Morgan Stanley & Co., 652 F.3d 333, 339 (2d Cir. 2011) (internal quotation marks omitted). The "voluntary payment doctrine," however, "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." Dillon v. U-A Columbia Cablevision of Westchester, Inc., 100 N.Y.2d 525, 526, 760 N.Y.S.2d 726 (2003). The doctrine applies here. Although Leder maintains that she was unaware that Nassau County's yellow-light time violated state law when she paid the fine that purportedly "enriched" defendants, she does

---

[2] We need not here decide whether the substantive contours of New York's due process clause differ from the parameters of the federal due process clause, see Taylor v. Scully, 535 F. Supp. 272, 275 (S.D.N.Y. 1982) (citing People v. Isaacson, 44 N.Y.2d 511, 519–20, 406 N.Y.S.2d 714, 718 (1978)), because Leder does not advance such an argument in challenging dismissal.

not allege any lack of knowledge as to the nature of the fine or the reason for its imposition. Neither does she allege any fraud or <u>mistake</u> of law. Under such circumstances, her avowed ignorance of New York law as to yellow-light time does not overcome her voluntary payment of a fine incurred when she ran a red light. <u>See</u> <u>id.</u> ("Here, no fraud or mistake is alleged in that, according to the complaint, plaintiff knew she would be charged a $5 late fee if she did not make timely payment. Alleged mischaracterization of a $5 late fee as an administrative fee does not overcome application of the voluntary payment doctrine.").

We have considered plaintiff's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court