147 N.J. Super. 234 (1977)
371 A.2d 96
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEE MORGENSTEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1977.
Decided February 9, 1977.
*236 Before Judges LYNCH, MILMED and ANTELL.
Mr. Robert J. Cohan argued the cause for appellant (Mr. Donald R. Conway, attorney).
Mr. Dean Lynch, Assistant County Counsel argued the cause for respondent (Mr. Vincent P. Rigolosi, County Counsel, attorney).
The opinion of the court was delivered by ANTELL, J.A.D.
Following his conviction for murder in the first degree defendant applied to the trial judge for an order to have a transcript of the trial prepared at county *237 expense. He made the application as an indigent pursuant to N.J.S.A. 2A:152-17. From the denial of that motion this appeal followed.
At the time of the homicide defendant was 17 years old. On application of the State, jurisdiction was transferred from the Juvenile and Domestic Relations Court to the Superior Court, where defendant was indicted and tried as an adult pursuant to N.J.S.A. 2A:4-48. By the time the indictment was moved for trial defendant had reached his 18th birthday. During the trial he was represented by a privately retained attorney whose costs and fees were paid for by the defendant's parents. The same representation continued through the motion proceedings before us for review, and it is expected to continue through anticipated appellate proceedings. Costs and expenses in connection therewith are also expected to be borne by the parents.
In denying the motion the trial judge found that defendant was indigent within the meaning of the statute, but reasoned that by accepting private representation defendant "waived his right to insist that a transcript of the trial be furnished to him at public expense."
N.J.S.A. 2A:152-17 provides that the court may certify the expense of a transcript where it is satisfied of the facts, of the necessity for the transcript and the sufficiency of a convicted defendant's sworn showing "that he is unable, by reason of poverty, to defray the expense of procuring the same." The right to a transcript at public expense under these circumstances is of constitutional dimension. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Constitutional rights may be waived only by "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 *238 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970). As the United States Supreme Court said in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938):
It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights." A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. [304 U.S. at 464, 58 S.Ct. at 1023]
Even within the setting of a civil controversy it must affirmatively appear that the party charged with waiver knew his rights and deliberately intended to relinquish them. West Jersey Title, etc., Co. v. Industrial Trust Co., 27 N.J. 144, 153 (1958); Allstate v. Howard Savings Inst., 127 N.J. Super. 479, 487-489 (Ch. Div. 1974).
We cannot agree that by accepting private counsel at the expense of his parents defendant thereby manifested his intent to give up his constitutional right to a transcript at public expense in the event of conviction. As the trial judge himself observed, "[t]he problem presented is novel." We will not impute to defendant such prescience of mind as to visualize forfeiture of a constitutional right as one of the "likely consequences" (Brady v. United States, supra) of accepting private representation.
We are also urged to affirm the order below on the ground that defendant does not meet the statutory requirement that he be "unable, by reason of poverty, to defray the expense" of procuring the transcript. This is based on the stipulation that the parents have the financial resources to meet this expense and on counsel's statement that defendant's mother advised him that the parents would "come up with the money if they had to."
This defendant is an adult. N.J.S.A. 9:17B-3; N.J. State P.B.A. v. Morristown, 65 N.J. 160 (1974). In this status, if he had applied to the Public Defender for representation, *239 his eligibility could not be measured by reference to his parents' financial circumstances, and upon obtaining such representation the Public Defender would procure the necessary transcript. All that the parents have done in this instance is voluntarily to relieve the public from the burden of providing defendant with counsel. There is nothing about this that alters defendant's status as an indigent adult. Nor is anything changed by the fact that the parents would do more "if they had to." This eventuality would not come to pass, obviously, unless and until the State first defaulted in its constitutional duty to defendant. His eligibility is to be measured by what he is legally entitled to as an indigent, and not by the contingent benefactions of others. By holding otherwise we would, in effect, be sanctioning the practice in similar cases of withholding the required assistance as a constraint upon parents or other close friends and relatives who also sense a moral duty to bear this cost rather than cause the defendant to forego his right of appeal.
We have not overlooked the fact that his parents intend to continue providing private counsel. We conclude that this, too, must be disregarded in determining whether defendant is "unable, by reason of poverty, to defray the expense" of procuring the transcript.
What defendant will be receiving from his parents are the legal services themselves as and when they are needed. He will not be receiving the funds to obtain the services. The choices open to defendant are either to accept or reject them, but in no sense do they relieve his poverty or constitute assets of a kind that may be applied to the cost of a transcript.
We find no deviousness or chicanery in any of this. As we have noted, the parents have no legal obligation to meet these expenses.[1] However, if out of loyalty to their child *240 they wish to provide him with assistance, they may do so as they choose, and the court is not free to instruct them as to how their funds must be allocated.
For the reasons given, the order below will be reversed and the application for a transcript at the expense of the county granted.
NOTES
[1] We deem that the age provision of N.J.S.A. 2A:158A-25 has been impliedly amended from 21 years to 18 years by N.J.S.A. 9:17B-1 et seq.