THE STATE OF NEVADA, Petitioner, *v.* PETER I. BREEN, District Court Judge, Second Judicial District Court of Nevada, Respondent. ERNEST DI GENNERO, Real Party In Interest.

No. 15092

January 30, 1984

675 P.2d 996

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Petitioner.

*John Conner,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Petitioner seeks a writ of prohibition or, alternatively, a writ of mandamus, to require respondent district court to allow the recovery of the cost of preparing the trial transcript.

Ernest Di Gennero, the real party in interest, was tried and convicted of first degree murder. He was represented at trial by

privately retained counsel. After trial, counsel sought to withdraw, apparently without opposition by the state. The district court granted counsel's request. Upon the district court's apparent determination that appellant was an indigent, the district court 'appointed the Washoe County Public Defender's Office, and the trial transcript was then prepared at county expense. The public defender's office then submitted an opening brief on appeal to this court.

Appellant's parents retained counsel to review his case, and appellant ultimately moved to substitute the attorney in place of the public defender. The state opposed the motion for substitution, requesting that repayment of the cost of the trial transcript be made a condition precedent to representation by private counsel. This court denied the state's request and granted the motion for substitution, without prejudice to any attempt to seek repayment of the transcript cost below. The state did seek recoupment of the cost of the trial transcript, but the district court denied recovery. This petition followed.

The ultimate issue in this writ proceeding is whether, when the district court denied the state's motion to recoup costs, the district court exceeded its jurisdiction or failed to perform some mandatory duty. See NRS 34.160; 34.320. That issue, in turn, requires a determination of whether appellant's indigency status, insofar as that status relieved appellant from an obligation to pay for the trial transcript, was somehow affected, through a waiver or otherwise, by this acceptance of representation by private counsel retained by his parents.

The state does not contend that appellant's personal financial circumstances have improved since the district court's initial indigency determination. The state has cited no statutory or other authority, and we are aware of none, that would indicate that appellant's acceptance of private counsel in such circumstances would affect the county's obligation to pay for the transcript arising from the original determination of indigency. The courts directly addressing that question, in fact, have concluded that acceptance of representation by privately retained counsel does not constitute a waiver of indigency status. See, e.g., Pendry v. State, 367 A.2d 624 (Del. 1976); State v. Morgenstein, 371 A.2d 96 (N.J.Super.Ct.App.Div. 1977). We agree, and now hold that the acceptance of representation by counsel provided by a third party does not, in and of itself, affect an appellant's indigency status, at least insofar as that status relates to payment for trial transcripts.

We therefore conclude that the district court neither

exceeded its jurisdiction nor failed to perform a mandatory duty in its denial of the state's motion to recoup the costs of the trial transcript.

The state also apparently argues that the district court, at the time of the original indigency determination, was obliged to consider the resources of appellant's family, and that, if appellant did not seek to borrow or obtain such funds, the district court could not properly find appellant to be indigent. The state relies on Abdnor v. Ovard, 635 S.W.2d 864 (Tex.Ct.App. 1982). We note that the test propounded in that case has been expressly disapproved. Abdnor v. Ovard, 653 S.W.2d 793 (Tex.Crim.App. 1983). Furthermore, at the time of the original indigency determination the state neither objected to the district court's finding of indigency nor objected to the standards used by that court. Therefore, we decline to rule on the propriety of the district court's original indigency determination.

Accordingly, the petition is denied.