600 A.2d 467

STATE OF NEW JERSEY, PLAINTIFF v. DIONISIO RAMON ARENAS, DEFENDANT.

Submitted September 23, 1991—Decided December 19, 1991.

*Claudia Van Wyk,* Deputy Public Defender II, submitted a letter in lieu of brief on behalf of appellant Office of the Public Defender (*Wilfredo Caraballo,* Public Defender, attorney).

*Herbert M. Strulowitz,* Special County Counsel, submitted a letter in lieu of brief on behalf of respondent County of Morris (*Howard F. Appelt, II,* Morris County Counsel, attorney).

*Barry H. Evenchick* submitted a letter in lieu of brief on behalf of defendant.

The opinion of the Court was delivered by

GARIBALDI, J.

Like the appeals in *In re Cannady,* 126 *N.J.* 486, 600 *A.*2d 459 (1991), and *In re Kauffman,* 126 *N.J.* 499, 600 *A.*2d 465 (1991), which we also decided today, this case presents the question of whether the Public Defender Act, *N.J.S.A.* 2A:158A–1 to –25, requires the Office of the Public Defender (OPD) to pay for ancillary services for indigent defendants whom it does not represent. Specifically, in this case we consider whether the OPD must pay the costs of trial transcripts for an indigent defendant represented by private counsel. We conclude that the OPD is responsible for such costs.

I

Defendant, Dionisio Ramon Arenas, was convicted of various counts of sexual assault. A private attorney retained by the

OPD represented Arenas at trial. The OPD subsequently filed Arenas's notice of appeal. However, the OPD ordered transcripts for only two of Arenas's thirteen trial dates, and received only one of them. It never paid for that transcript.

Private counsel paid for by defendant's friends was substituted as Arenas's counsel. When that counsel realized that Arenas did not have any of his trial transcripts, he obtained the transcript that the OPD had received by paying the OPD $82. Arenas's friends advanced the cost of the transcripts for the other trial dates—$5,200—but told the attorney that they expected to be reimbursed with public funds.

The OPD and Morris County counsel each suggested that the attorney bring a motion to compel the other to pay for the transcripts. Thereafter defendant's counsel filed a motion, joining both the Public Defender and Morris County, for payment of the transcript costs. All parties admitted that Arenas was indigent and entitled to free transcripts for his appeal. The dispute thus focused on one question: who should pay for the transcripts?

The trial court ordered the OPD to pay for the transcripts. The Appellate Division, in a per curiam opinion, affirmed the trial court's order. We granted certification, 126 *N.J.* 387, 599 *A.*2d 163 (1991).

## II

In *In re Cannady*, 126 *N.J.* 486, 600 *A.*2d 459 (1991), also decided today, we held, based on the language and legislative history of the Public Defender Act, that the OPD is responsible for paying the costs of necessary ancillary services for indigent defendants, even when those defendants are represented by outside counsel. In so holding, we recognized the intent of the Legislature to provide for the representation of all indigent defendants through a unitary, centralized system—the Office of the Public Defender. *Id.* at 490, 600 *A.*2d at 460–461. In order to maintain the centralized nature of New Jersey's

system, we held that the OPD, and not the counties, should pay for services necessary to the defense of all indigents. *Id.* at 490, 600 *A*.2d at 460–461.

In the present case, we examine how the Public Defender Act impacts on another statute, *N.J.S.A.* 2A:152–17. This statute, passed by the Legislature in 1956, provides that the county in which venue was laid must pay the costs of providing trial transcripts to convicted indigent defendants. We hold that the Public Defender Act supersedes *N.J.S.A.* 2A:152–17, and that the OPD, and not the County, must therefore assume the costs of providing transcripts.

As we did in *Cannady* and *Kauffman*, we base our holding primarily on the language of the Public Defender Act itself. Specifically, *N.J.S.A.* 2A:158A–5 expressly directs the Public Defender to provide *"[a]ll* necessary services * * * in *every* case."* (emphasis added). There is no doubt that providing the trial transcripts to Arenas is a "necessary service[ ]." Moreover, provision of necessary services "in every case" means exactly that: the OPD may not avoid its obligation to pay for the transcripts merely because it no longer represents Arenas.

Our reasoning is based also on the fact that *N.J.S.A.* 2A:152–17 predates the Public Defender Act by eleven years and was part and parcel of the antiquated system that vested responsibility for the representation of indigent defendants in the counties. Although pursuant to *N.J.S.A.* 2C:98–3, section 17 was saved from repeal, the same is true for *N.J.S.A.* 2A:163–1, which provided that when counsel was assigned to represent an indigent defendant in a murder case, the attorney so assigned was paid for his or her services by the treasurer of the county in which the indigent was indicted. That statute is clearly obsolete because the county no longer pays attorneys who are assigned to defend indigents accused of murder. In view of the Legislature's intention that the Public Defender Act create a centralized, unitary system, we conclude that section 17 is obsolete as well. We therefore hold that the County is not

obligated to pay for transcripts for indigents who qualify for assistance under the Public Defender Act.

A similar conclusion was reached in *State v. Linares*, 192 *N.J.Super.* 391, 470 *A.*2d 39 (Law Div.1983), in which the trial court held that Essex County need not reimburse the OPD for money spent on services of an interpreter. The court reached that conclusion despite the fact that *N.J.S.A.* 2A:11–29, which like the transcript statute was enacted before the Legislature adopted the Public Defender Act, vests responsibility for paying interpreters' salaries in the counties. *Id.* at 398–99, 470 *A.*2d 39. The court instead emphasized that the Legislature designed the Public Defender system in part to centralize funding for all cases involving indigents charged with crimes. *Id.* at 396, 470 *A.*2d 39. We agree with the *Linares* court's reasoning on that point. In *Linares*, however, the OPD was defendant's counsel. This proved important to the court's decision. As apparent from our opinion in the present case, as well as in *Cannady* and *Kauffman*, that distinction is no longer significant.

As noted in *Cannady, supra,* 126 *N.J.* at 490, 600 *A.*2d at 460–461, after much discussion and debate over whether to apportion the cost of the OPD between the State and the counties, the Legislature adopted the findings of the Report of the New Jersey Commission on the Defense of Indigent Persons Accused of Crime (December 22, 1966) (the Defense Commission Report), that placing the entire burden on the State would better serve the goals of the Public Defender Act. Concerned that apportionment of financial burden would mean apportionment of responsibility and control, the Defense Commission stated that quality and uniformity of service, the touchstones of the Act, would "best be accomplished through the structure of a single system for the entire State * * * with as little as possible of collateral burdens such as would be involved in dealing with twenty-one separate boards of freeholders." Defense Commission Report at 2. The Defense Commission thus envisioned that the counties would not participate in the

financing of indigent defense. That clear expression of legislative intent persuades us that the OPD, and not the counties, should pay the transcript costs for indigent defendants.

## III

In *Cannady, supra,* we held that the OPD must exercise its discretion over the administration of funds for ancillary services to indigents represented by outside counsel. We therefore set out a procedure for the OPD to follow when a defendant represented by outside counsel applies to its Office for funds. 126 *N.J.* at 493, 600 *A.2d* at 462.

We recommend that the OPD follow that same procedure when an indigent applies for transcripts on appeal. In addition, the OPD may consider defense counsel's fee arrangement and whether counsel could have reasonably anticipated the need for the transcripts at the time he or she accepted the case, by inspecting the docket sheet and consulting with the client.

If the OPD deems the applicant qualified, the applicant should submit the date and the name of the court reporter for each transcript that he or she requests. The OPD will then order the transcripts on the same terms as apply to its own cases.

## IV

The Public Defender does not dispute that Arenas is indigent and that the transcripts are necessary. Arenas originally was the OPD's client, and the OPD filed his notice of appeal. Hence, the OPD had the responsibility to secure the transcripts. Moreover, neither the OPD nor the County asserts that defendant's private counsel may be liable for some or all of the transcript costs. Therefore, we hold that the OPD is responsible for Arenas's transcript costs. However, we caution attorneys who represent indigent defendants for a fee that in the future they must recognize that it may become necessary for them to pay, in whole or in part, for the costs of ancillary

services essential for their clients' defense. *See Cannady, supra,* 126 *N.J.* at 496, 600 *A.*2d at 464.

The Appellate Division judgment is affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—None.