600 A.2d 465

IN THE MATTER OF AN ORDER REQUIRING THE OFFICE
OF THE PUBLIC DEFENDER TO PROVIDE ANCILLARY
SERVICES FOR CLIFFORD KAUFFMAN.

Argued September 23, 1991—Decided December 19, 1991.

*Dale Jones,* Assistant Public Defender, argued the cause for appellant Office of the Public Defender (*Wilfredo Caraballo,* Public Defender, attorney).

*Terry J. Dailey,* Atlantic County Counsel, argued the cause for intervenor-respondent County of Atlantic (*Terry J. Dailey,* attorney; *Lisa Hibner Tavani,* Assistant County Counsel, on the brief).

*Jack J. Lipari,* Assistant Prosecutor, submitted a letter in lieu of brief on behalf of respondent State of New Jersey (*Jeffrey S. Blitz,* Atlantic County Prosecutor, attorney).

The opinion of the Court was delivered by

GARIBALDI, J.

This case, like *In re Cannady,* 126 *N.J.* 486, 600 *A.*2d 459 (1991), also decided today, addresses the issue of whether the Public Defender Act, *N.J.S.A.* 2A:158A-1 to -25, requires the Office of the Public Defender (OPD) to provide expert services for an indigent defendant whom it does not represent. In the present case, however, a *pro bono* private attorney rather than a paid private attorney represents defendant. Despite that difference, we reach the same conclusion as we did in *Cannady,* namely, that the OPD, rather than the County, is authorized to pay for the services.

I

Defendant, Clifford Kauffman, represented *pro bono* by private counsel, pled guilty to third-degree aggravated sexual contact. Prior to sentencing, a State psychologist evaluated Kauffman and determined that he fell within the purview of the Adult Diagnostic and Treatment Center Act, *N.J.S.A.* 2C:47-1 to -7, commonly known as the "Sex Offender Act." Those who fall under the Sex Offender Act are diagnosed as suffering from repetitive, compulsive behavior, and may be sentenced to the Avenel Adult Diagnostic and Treatment Center. *N.J.S.A.*

2C:47-3(a). Kauffman's counsel filed a motion to compel the OPD to pay for an independent psychological examination of Kauffman, in order to contest the findings of the State's psychologist.

The trial court granted Kauffman's motion. It concluded that Kauffman had a right to an independent psychological evaluation and that the OPD must finance that evaluation. The court ruled, however, that because the OPD must pay for the service, it should have the right to designate the expert and determine his or her fee.

David Bogacki, Ph.D., evaluated Kauffman and testified at his sentencing hearing. Dr. Bogacki has since sent bills totalling $1,100 to the OPD. Although the OPD disputes Kauffman's indigency, it does not dispute the necessity of Dr. Bogacki's services.

The OPD moved for leave to appeal the trial court's order, which the Appellate Division denied. We granted the OPD's motion for leave to appeal, 126 *N.J.* 322, 598 *A.*2d 882 (1991).

II

In *In re Cannady*, 126 *N.J.* 486, 600 *A.*2d 459 (1991), also decided today, we held that the Public Defender Act mandates that the OPD pay for expert services that are necessary to any indigent defendant's case. In doing so, we rejected the notion that only indigents represented by the Public Defender may obtain funding for ancillary services from the OPD. *Id.* at 498, 600 *A.*2d at 464.

In *Cannady*, we determined that the language of the Act supports our conclusion that the OPD is responsible for the ancillary costs associated with the defense of an indigent represented by outside counsel. *Id.* at 491–93, 600 *A.*2d at 461–462. We noted that the Act directs the OPD to provide necessary services in every indigent's case, and does not limit eligibility

for such services to those represented by the OPD. *Id.* at 492–93, 600 *A.*2d at 461–62 (*citing N.J.S.A.* 2A:158A–5).

We also recognized in the Act's legislative history the Legislature's intent to allocate all costs associated with the representation of indigents to the State, rather than to the counties. *Id.* at 490–91, 600 *A.*2d at 460–61.

■ Our holding in *Cannady* applies equally to the present case. The fact that Kauffman's attorney represents him *pro bono* makes no difference. If Kauffman is indigent, the OPD must provide him with funding for expert services necessary to his defense.

## III

In order to receive State-funded services, Kauffman must be indigent. *N.J.S.A.* 2A:158A–1 states unequivocally that "[i]t is * * * the policy of this State to provide for constitutional guarantees of counsel in criminal cases for *indigent* defendants * * *." (emphasis added). The Criminal Case Management Office (CCMO) approved Kauffman's application for indigency the same day that he applied. *N.J.S.A.* 2A:158A–15.1 authorizes the CCMO to make such indigency determinations.

However, the OPD contests the CCMO's finding that Kauffman is indigent. The OPD contends that there is nothing to indicate that the CCMO investigated Kauffman's financial status, and that the information defendant gave to the CCMO shows that he is not indigent.

■ As discussed in *Cannady, supra,* 126 *N.J.* at 493, 600 *A.*2d at 462, when the OPD is required to pay for ancillary services of an indigent defendant whom it does not represent, the OPD must play an integral part in the indigency determination. Thus, in this case, the OPD should be given the right to review and determine whether defendant is indigent.

In *Cannady,* we held that the OPD should exercise its statutory authority to determine what services to provide to

defendants who qualify as indigents under the Act but who are represented by private counsel. *Id.* at 493, 600 *A.*2d at 462. The same holds true when the OPD considers whether to fund services for indigents represented by *pro bono* counsel, such as defendant.

The OPD should follow the same procedure outlined in *Cannady,* 126 *N.J.* at 493–98, 600 *A.*2d at 462–64, in determining whether it will assume the costs of ancillary services for any given applicant except for the two following directives.

First, in *Cannady,* we provided that the OPD may require that defendants who apply for ancillary services submit a copy of their attorney's retainer agreement with their application. *Id.* at 496, 600 *A.*2d at 463. Obviously, because a *pro bono* attorney by definition works without payment, there will be no retainer agreement for his or her client to submit.

Second, in *Cannady,* we also said that the OPD may deny a defendant's request if the private attorney could reallocate his or her fee to cover the cost of the requested service. Once again, our procedural suggestion is not relevant when a *pro bono* attorney is representing the defendant. We emphasize, however, that even *pro bono* attorneys should consider whether their clients will need ancillary services and how much these services will cost. If the costs are potentially great and the *pro bono* attorney is unwilling to assume them, he or she should recognize that it might be more efficient and more in line with the Legislature's intention that there be uniformity that the OPD represent the defendant.

IV

The OPD does not dispute that the independent psychological examination that Kauffman underwent was a necessary service. We therefore conclude that if the trial court, with the agreement of the OPD, finds that Kauffman is indigent, then the OPD must pay the psychologist's fee.

504

We affirm the order of the Appellate Division denying the OPD's motion.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Proposed* —None.