262 N.J. Super. 123 (1993)
619 A.2d 1346
STATE OF NEW JERSEY, PLAINTIFF,
v.
NEVZAT KARAARSLAN, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided January 6, 1993.
*124 Nicholas L. Bissell, Jr., Prosecutor of Somerset County, Kathleen P. Holly, Assistant Prosecutor for the State
William J. Bizub, Deputy Public Defender of Somerset County, Anthony J. Mignella, Assistant Deputy Public Defender for the Defendant
Welaj & Miller, William P. Robertson, for the Board of Chosen Freeholders of Somerset County
IMBRIANI, P.J.Cr.
State v. Kounelis, 258 N.J. Super. 420, 609 A.2d 1310 (App. Div. 1992) held that in a criminal case the Sixth Amendment right to confront witnesses requires the court to appoint an interpreter for indigent, non-English speaking defendants to be seated next to them during the trial. This is necessary to permit defendants to meaningfully understand trial proceedings and consult with counsel; otherwise, to such defendants the trial is nothing more than a "babble of voices." (Id. at 427, 609 A.2d 1310).
However, Kounelis did not address, as we now do, the question of who must pay for the interpreter. This defendant is indigent, speaks only Turkish, and is represented by the Public Defender who brought this motion to compel the County of Somerset to pay for a Turkish interpreter to be seated next to defendant during the trial.
In a trilogy of cases decided in December, 1991 it was held that pursuant to N.J.S.A. 2A:158-1, et seq., the Public Defender Act, the cost of ancillary services to defend indigent defendants in criminal cases shall be borne entirely by the Public Defender.[1] *125 Matter of Cannady, 126 N.J. 486, 600 A.2d 459 (1991) involved the cost to retain an expert on Battered Women's Syndrome; State v. Arenas, 126 N.J. 504, 600 A.2d 467 (1991) involved the cost of trial transcripts for an appeal; and Matter of Kauffman, 126 N.J. 499, 600 A.2d 465 (1991) involved the cost to retain a psychologist to evaluate the defendant to determine whether he fell within the purview of the Sex Offender Act, N.J.S.A. 2C:47-1, et seq. These holdings strongly suggest that costs for interpreters shall similarly be borne by the Public Defender.
However, the Public Defender contends that the Legislature has provided otherwise with respect to interpreters by enacting N.J.S.A. 2B:8-1, which provides in part that:
[e]ach county shall provide interpreting services necessary for cases from that county in the Law Division and the Family Part of the Chancery Division.
Since all criminal cases are brought in the Law Division, the Public Defender contends that unlike other ancillary costs these costs must be borne by the County.
The County does not dispute that the defendant must be provided with an interpreter at the trial to assist him in his defense, but contends that N.J.S.A. 2B:8-1 has limited application and only requires counties to pay for interpreters at trials or court hearings, when necessary, to produce an accurate and complete record. In the usual case this arises when non-English speaking witnesses testify or when non-English speaking defendants appear at arraignments, pretrial conferences, enter pleas, or are sentenced. Without an interpreter on these occasions the court record would be incomplete. Moreover, to assure the accuracy of the translation it would be improvident to use an interpreter retained by one of the parties, and wisdom would dictate that the court retain its own independent interpreter. Thus, the County contends that the purpose of the statute is to assist the court, not indigent defendants, who are already sufficiently protected by the Public Defender's Act.
*126 The history of N.J.S.A. 2B:8-1 is not very revealing of its intent. It replaced N.J.S.A. 2A:11-28, which was last amended in 1963, and provided in part that whenever the transaction of public business in the courts of any county will be expedited or improved, a judge:
may appoint to serve at [his] pleasure ... interpreters of the following languages, namely, Italian, German, Polish, Russian, Spanish, Yiddish, Hungarian and Slavish, and Greek ...
Although the Public Defenders Act was enacted in 1967, no case ever addressed the question whether this statute required counties to pay for interpreters to translate court proceedings for defendants in criminal cases until such a claim was advanced and rejected in State v. Linares, 192 N.J. Super. 391, 470 A.2d 39 (Law Div. 1983).
On April 25, 1991, N.J.S.A. 2A:11-28 was repealed and replaced by N.J.S.A. 2B:8-1. There were two significant changes. First, the former statute provided that the counties "may" provide such services, while the new statute provides that it "shall" do so and, secondly, the new statute did not limit the languages for which an interpreter had to be provided. It is interesting to note that neither statute limited the obligation of counties to pay for interpreters only in cases involving indigent defendants in criminal matters.
The statements attached to the Judiciary Committee report on N.J.S.A. 2B:8-1 dated January 18, 1990, the Assembly Judiciary, Law and Public Safety Committee report dated June 7, 1990, and the statute itself all provide that the amended statute is:
intended to continue the substantive effect of ... the replaced [statute] and reflect current practice in the court system.
Thus the amendment was not intended to change prior practice with respect to who should pay for an interpreter. A survey of the practices throughout the State reveals a wide disparity in this matter. Some provided county-paid interpreters for a few major languages, but most, like Somerset County, paid for interpreters in criminal cases involving indigents only *127 when non-English speaking witnesses testified at trials or court hearings or when indigent defendants in criminal cases were arraigned, attended pretrial conferences, pleaded, or were being sentenced. The court is unaware of any county that now provides an interpreter at county expense to be seated during the trial next to the defendant.
If the Public Defender's position was correct and N.J.S.A. 2B:8-1 is read literally, it would require the county not only to pay for interpreters to be seated next to defendants during trials in all criminal cases, both indigent and non-indigent, but also for all litigants in all civil cases in the Law Division, and all Family Part cases in the Chancery Division. If this is what the Legislature intended, it would obviously impose a huge financial burden upon counties. We believe that if such a major policy change was intended the "intent of the Legislature and its objectives must be expressed in terms that leave no doubt of the course of action it has authorized." State v. Vasquez, 129 N.J. 189, 201, 609 A.2d 29 (1992). It has not done so here and we will not infer that is what it intended.
We hold that the purpose of N.J.S.A. 2B:8-1 was only to compel counties to pay for interpreters to assist the judge and to make an accurate and complete record "for cases" that were actually heard in open court, i.e., in any case, be it criminal, civil, or family part, when non-English speaking witnesses testify at trials or court hearings and in criminal cases to translate statements made at arraignments, pretrial hearings, pleas and sentencing when the defendant does not speak English. Consequently, the cost for interpreters to be seated next to indigent, non-English speaking defendants during criminal trials shall continue to be borne by the Public Defender. This motion is denied.
NOTES
[1] This was so even though the defendant retained private counsel or was assigned pro bono counsel. See infra.