STATE of Minnesota, Respondent,

v.

Ryan Michael PEDERSON, Appellant.

No. C0–99–450.

Supreme Court of Minnesota.

Aug. 26, 1999.

Deborah Ellis, St.Paul, John M. Stuart, Minnesota State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Minneapolis, for appellant.

Michael A. Hatch, Minnesota Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty. Anoka, for respondent.

OPINION

PAUL H. ANDERSON, Justice.

Appellant, Ryan Michael Pederson, who is indigent but represented by private appellate counsel, has moved for an order from this court directing that his trial transcript be prepared at public expense. Pederson asserts that the United States and Minnesota Constitutions, the Minnesota Rules of Criminal Procedure, and case law mandate that he receive a trial transcript at public expense despite the fact his parents have retained private counsel to represent him on his direct appeal. The Minnesota State Public Defender's Office, appearing in opposition to Pederson's motion, concedes that Pederson is indigent, but asserts that public policy dictates that the public defender's office must pay the cost of a transcript only when it represents an indigent criminal appellant or the indi-

gent criminal appellant proceeds pro se. We conclude that Pederson is entitled to a trial transcript at public expense and therefore grant his motion.

The pertinent facts of this case are essentially undisputed. Appellant Ryan Michael Pederson was convicted of first-degree murder. At trial, Pederson was represented by private counsel. Following his conviction, Pederson's parents retained private counsel to represent Pederson on his direct appeal. The specific terms of that private representation are not disclosed in the record. Pederson then filed a motion in district court requesting that he be declared indigent and that his trial transcript be prepared at public expense. In support of his motion, Pederson submitted an affidavit from his father in which his father stated that he and Pederson's mother had enough money to pay for private counsel, but not enough to also pay the cost of the trial transcript. Pederson supplemented his motion two days later with an affidavit requesting that the court grant him permission to proceed with his appeal on an in forma pauperis basis. The district court denied Pederson's motion, stating that it did not have jurisdiction to decide either matter. In addition, the court stated that Pederson must make application to the Minnesota State Public Defender's Office (public defender) in order to obtain in forma pauperis status for purposes of his appeal.

As directed by the district court, Pederson applied to the public defender for a determination of indigency, but requested only that his trial transcript be prepared at public expense, not that the public defender represent him on appeal. The public defender determined that Pederson was indigent and sent Pederson a letter offering to represent him on appeal. The public defender went on to state in its letter, however, that it would not pay the costs of Pederson's trial transcript if he chose to be represented by private appellate counsel. Specifically, the public defender stated

that it could not use its "limited resources to pay for a transcript in a case in which counsel is provided by a privately retained lawyer who is accepting a fee for legal services." The public defender further stated that if it was required to pay the costs of trial transcripts for indigent criminal appellants who are represented by private counsel, then it could not ensure that public money was being spent to help poor people or that private counsel was not manipulating fees at the public's expense.

Pederson's private appellate counsel timely filed Pederson's notice of appeal from his conviction and with it a motion for an order declaring Pederson to be indigent and directing that his trial transcript be prepared at public expense. The public defender concedes that Pederson is indigent, so his status as an indigent defendant is not an issue on appeal.

Minnesota law provides that, in specific circumstances, the state shall provide representation for persons financially unable to pay counsel in criminal proceedings. Minnesota Statutes § 611.18 provides that the public defender shall be assigned to represent persons financially unable to pay counsel on direct appeal from a conviction. *See* Minn.Stat. § 611.18 (1998); *see also* Minn.Stat. § 611.25, subd. 1(a)(1) (1998); Minn.Stat. § 611.14 (1998) (listing classes of persons entitled to representation by the public defender). Section 611.18 also provides that at any time the court determines a person who is represented by private counsel is financially unable to pay his counsel, "the court *may* appoint the appropriate public defender to represent the defendant" (emphasis added). However, only the broad mandate of representation of persons financially unable to pay counsel is provided for in the statutes. The operational details of that mandate are contained in the Minnesota Rules of Criminal Procedure.

■ Rule 28.02, subd. 5 of the Minnesota Rules of Criminal Procedure, the rule and subdivision with which we are concerned, is entitled "Proceedings In Forma

Pauperis." This rule sets forth the procedures for appealing a conviction in forma pauperis. Both Pederson and the public defender make several arguments concerning the language of subdivision 5. They ask us to decide whether certain sections of the subdivision include or exclude a situation such as Pederson's. The public defender specifically argues, citing to Minn. R.Crim. P. 28.02, subd. 5(6), that any requirement that a defendant's trial transcript be prepared at public expense is limited to situations when an individual is not represented by an attorney. We need not address these arguments because we conclude that, by its very nature, the subdivision governing proceedings in forma pauperis contemplates only defendants who cannot afford private representation and who will rely on appellate representation by the public defender, some other public defender's office, pro bono counsel, or who will proceed pro se on appeal. Thus, because the rules do not contemplate a situation where a person is indigent yet represented by private appellate counsel, the rules are not determinative of the outcome of this case.

■ Because we conclude that the rules do not contemplate Pederson's situation, we next turn to case law for guidance. We have not previously addressed the specific issue presented here, but in *State v. Seifert*, 423 N.W.2d 368 (Minn.1988), we considered a closely-related issue that lends direction to our deliberations. In *Seifert*, we first considered whether an indigent criminal appellant must accept public defender representation or whether he may proceed pro se on appeal. We concluded that an indigent criminal appellant is entitled to, but need not accept, public defender representation and therefore has a right

of self-representation on appeal. *Id.* at 371. After reaching this conclusion, we next considered whether, by waiving public defender representation and proceeding pro se, an indigent criminal appellant also waives any claim to a transcript prepared at public expense. *See id.* In *Seifert*, the public defender argued that in order to have a transcript prepared at public expense, an indigent criminal appellant must accept public defender representation. *See id.* at 369.

■ We rejected the public defender's argument in *Seifert* and held that an indigent pro se criminal appellant must be given access to a trial transcript on a limited basis for the purpose of perfecting his appeal, even though the public defender is not acting as his appellate counsel. *See id.* at 371. Thus, we have recognized that the right to public defender representation and the right to a transcript at public expense are two separate rights. Our holding in *Seifert*, however, was limited to indigent criminal appellants who waive public defender representation and proceed pro se on appeal. *See id.* at 372.

Several other state courts have addressed the issue of whether an indigent criminal appellant is entitled to a trial transcript at public expense when the appellant is represented by private counsel paid for by a third party. Those courts have all decided that the indigent criminal appellant is entitled to necessary trial transcripts at public expense. Most of these courts have based their decisions on the determination that, regardless of whether an indigent criminal appellant is represented by a public defender or by private counsel paid for by a third party, his status as an indigent entitles him to the transcript at public expense.[1] The courts

---

1. *See, e.g., Pendry v. State*, 367 A.2d 624, 626 (Del.1976) (holding that an indigent's right to all necessary portions of a trial transcript "is not lost by an indigent [appellant] who has parents financially able to pay the expenses of appeal") (citation omitted); *People v. Arquette*, 202 Mich.App. 227, 507 N.W.2d 824, 826 (1993) (stating that "the fact that a third party

provided funds to retain counsel does not change this indigent defendant's status and, therefore, does not trigger the general policy denying transcripts [to non-indigent appellants] at public expense"); *State v. Breen*, 100 Nev. 85, 675 P.2d 996, 997 (1984) (holding that "the acceptance of representation by counsel provided by a third party does not, in

in these cases treat separately the issues of public defender representation and transcript costs. Under such an analysis, even though an indigent criminal appellant chooses not to accept one thing to which his indigency status entitles him—representation by the public defender—he may still choose to accept another thing to which his indigency status entitles him— all or necessary parts of his trial transcript.

Pederson also argues that public policy requires that an indigent criminal appellant be entitled to a trial transcript at public expense regardless of who represents him. He asserts that it is absurd that he should be required to accept at public expense more representation than he wishes from the public defender just to gain access to something to which his indigency status entitles him—a trial transcript. He asserts that his request saves expenditure of public funds for attorney time. In response, the public defender asserts that the services it provides are provided as a "package" and that, therefore, Pederson may not pick and choose which of the public defender's services he wishes to receive. The public defender does, however, concede that its "package" of services is regularly split into its component parts. For example, pursuant to *Seifert*, an indigent criminal appellant who elects to proceed pro se is entitled to have his trial transcript prepared at public expense and then may use the transcript, despite the fact that he has declined the services of the public defender. The public defender also acknowledged at oral argument that it pays for the cost of a trial transcript when pro bono counsel represents an indigent criminal appellant. The

public defender was further concerned about its inability to monitor a system where the public pays for the cost of a trial transcript but does not represent the indigent criminal appellant, as well as the potential for private counsel to increase fees because the cost of the trial transcript will be paid at public expense. The dissent expresses concern that "[d]ivorcing use of the transcript from payment for it removes the incentive to ensure that transcripts are necessary to the appeal and used responsibly."

■ We acknowledge the concerns of the public defender and the dissent, but conclude that, like any other indigent criminal appellant whom the public defender offers to represent, Pederson is entitled to both the services of a public defender and a trial transcript at public expense. As we noted in *Seifert*, an indigent criminal appellant's entitlement to these things does not mean that he must accept them all. *See Seifert*, 423 N.W.2d at 370. We see no reason to force the state to pay for a service the indigent criminal appellant does not wish to use. Accordingly, Pederson has the right to refuse the services of the public defender, yet receive a trial transcript at public expense. We conclude that, based on *Seifert*, Pederson's right to the trial transcript at public expense is separate from his right to be represented by the public defender. We further conclude that "the fair administration of justice" requires that Pederson, whom the public defender has determined to be indigent, is entitled to a trial transcript at public expense. *See, e.g., State v. Windish*, 590 N.W.2d 311 (Minn.1999); *State v. Caldwell*, 322 N.W.2d 574 (Minn.1982).

and of itself, affect an appellant's indigency status, at least insofar as that status relates to payment for trial transcripts"); *State v. Morgenstein*, 147 N.J.Super. 234, 371 A.2d 96, 98 (1977) (holding that the state must provide a trial transcript at public expense to an indigent appellant whose parents offered to pay the attorney's fees of private counsel and stating that to hold otherwise "would, in effect, be sanctioning the practice * * * of withhold-

ing the required assistance as a constraint upon parents or other close friends and relatives who also sense a moral duty to bear this cost"); *Snoke v. State*, 780 S.W.2d 210, 213– 14 (Tex.Crim.App.1989) (holding that an appellant is indigent and entitled to a trial transcript at public expense despite the fact that others were willing to pay the attorney's fees of private counsel).

Therefore, we exercise our power to "supervise the criminal justice system" and direct the public defender to order and to pay the cost of Pederson's trial transcript necessary for an effective review of his direct appeal. *See Windish,* 590 N.W.2d at 319; *Caldwell,* 322 N.W.2d at 586 n. 9.

By holding that under the facts of this case Pederson is entitled to his trial transcript at public expense, we acknowledge that we are announcing a procedure that is not specifically addressed in the existing Rules of Criminal Procedure. Therefore, we refer the holding in this case to the Supreme Court Advisory Committee on the Rules of Criminal Procedure for incorporation into the rules. In so doing, we provide the following guidance. As with any indigent criminal appellant seeking to avail himself of the services of the public defender, a criminal appellant who is represented by private counsel paid for by a third party on appeal must make application to the public defender for a determination of indigency. If the public defender determines that the criminal appellant making application is indigent, then the indigent criminal appellant may apply to the public defender for all parts of his trial transcript necessary for an effective review of his direct appeal. The public defender shall then order and pay out of its budget the cost of the trial transcript necessary for an effective appellate review and shall allow the indigent criminal appellant and his private counsel to use the transcript for purposes of perfecting the direct appeal. If a dispute arises concerning what parts of the trial transcript are necessary for an effective appellate review, a motion may be made to the appropriate court for resolution of the matter. The indigent criminal appellant or his private counsel shall sign a receipt for the transcript similar to the receipt signed by an indigent criminal appellant who elects to proceed pro se. After the appeal is complete, the indigent criminal appellant shall return the transcript to the public defender, who will remain the custodian of the transcript.

Appellant's motion is granted. The public defender is directed to order and to pay the cost of Pederson's trial transcript necessary for an effective appellate review of his direct appeal.

LANCASTER, Justice (dissenting).

I respectfully dissent. While the majority's conclusion that an indigent criminal appellant represented by private counsel should be entitled to a trial transcript at public expense may ultimately be correct, the sparse record before us results in more questions than answers. Rather than announcing a broad rule based on appellant's motion, I would deny appellant's motion and refer this case to the Supreme Court Advisory Committee on the Rules of Criminal Procedure, which provides a superior forum for ensuring that checks and balances protect the justice system from abuses.

The majority's decision is not based on the federal or state constitutions, any state statute, or any rule of criminal procedure. Instead, the majority relies on our supervisory powers to announce a rule that is tantamount to an unfunded mandate from this court.

Today's decision will result in the public paying for the transcript costs of every indigent criminal appellant who is represented by private counsel without any mechanism for inquiry into whether the transcript is necessary or its cost reasonable. As Justice Wahl observed in *State v. Seifert,* a system that requires the public defender to pay for transcripts it does not use deprives the public defender of the ability to control costs: "Obviously, if the State Public Defender is no longer representing the defendant, that office is not in a position to ascertain what transcripts are necessary [to raise a particular claim]." 423 N.W.2d 368, 377 (Minn.1988) (Wahl, J., dissenting). Divorcing use of the transcript from payment for it removes the incentive to ensure that transcripts are

necessary to the appeal and used responsibly.

The majority's assertion that our decision in *Seifert* recognizes that "the right to public defender representation and the right to a transcript at public expense are two separate rights" ignores the significant differences between the appellant in *Seifert* and the appellant in the case before us. In *Seifert,* the first issue decided was whether an indigent criminal appellant must accept representation by the public defender. We held that appellants had the right to proceed pro se. *See id.* at 371. Having allowed pro se appeals, we then turned to the question of whether a pro se criminal appellant was entitled to a transcript paid for by the public defender. *See id.* at 371–72. We concluded that a pro se criminal appellant was entitled to a transcript paid for by the public defender. *See id.* Thus, *Seifert,* unlike the case before us, did not involve an inquiry into whether a criminal defendant capable of making payments to a private lawyer is "financially unable to pay counsel" as the language of Minn.Stat. § 611.18 requires, or whether the public defender should be able to review the circumstances of the private lawyer's retention and the specifics of the fee arrangement. We are faced with a criminal appellant who, despite qualifying as indigent, has the resources or access to resources that make him financially *able* to pay counsel – yet the record contains no information regarding the amount of fees paid, who paid the fees, or whether the appellant has the ability to control the funds used to retain a private lawyer.

Before a broad new rule is announced, some means of examining the reasonableness of the requests and the fee arrangements between the criminal appellant and his or her private attorney should be considered. *See Fullan v. Commissioner of Corrections,* 891 F.2d 1007, 1011 (2d Cir. 1989), *cert. denied* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990) (recognizing that criminal defendant's ability to control third-party funds could render defendant non-indigent); *State v. Arenas,* 126 N.J. 504, 600 A.2d 467, 470 (1991) (holding that public defender must pay for indigent's transcript despite retention of private lawyer but allowing the public defender to consider fee arrangement with private lawyer when deciding whether to approve a transcript request, and cautioning defense lawyers, in cases involving indigent appellants represented by private lawyers, that the cost of transcripts or other ancillary services could be charged, in whole or in part, to defense counsel). Indeed, this court has never before required that the public defender fund transcript costs where the appellant has retained private counsel. *See State v. Williams,* No. C2–97–686 (order dated May 14, 1997) (order of the Minnesota Supreme Court denying criminal appellant's motion seeking an order compelling the public defender to pay for a transcript in a case where appellant was represented by private counsel). Today's decision requires the public defender to order transcripts and to "pay out of its budget the cost of the trial transcript necessary for an effective appellate review" but offers no guidance as to what criteria should be used to evaluate "effective appellate review" or what role the courts may play in resolving disputes between criminal appellants and the public defender's office regarding transcript requests.

Despite the public defender's assertions that it exceeds its annual transcript budget serving criminal appellants who do not have private lawyers, the majority's decision will require the public defender to pay more. The opinion provides no hint as to how the public defender should accommodate this new mandate, and the record provides no guidance as to how many new cases will become the fiscal responsibility of the public defender.

The solution is to refer the matter to the Advisory Committee on the Rules of Criminal Procedure, where testimony can be taken, case numbers can be analyzed, budgets can be reviewed, and a mechanism for reviewing requests for transcripts can be

studied before a new rule is announced. Whatever the scope of our supervisory powers over the criminal justice system, our exercise of those powers should, when possible, be based on a fully developed record, particularly when the expenditure of public funds is involved.